Gerald R. YARNELL, M.D., Appellant (Plaintiff Below),

v.

SISTERS OF ST. FRANCIS HEALTH SERVICES, INC., and Sister M. Theresa Solbach, Sister M. Stephanie Hvizdos, Sister M. Alfreda Bracht, Sister Mary Francis Cates, Sister M. Vincentta Traffas, Sister M. Anna Marie Hofmeyer, Sister M. Annette Crone, Sister M. Dianne Zimmer, Sister M. Rosemary Klein, Sister M. Jo Ellen Scheetz, Sister M. Julita Biegel, as members of the Governing Board, Appellees (Defendants Below).

No. 2–882A242.

Court of Appeals of Indiana, Third District.

March 21, 1983.
Rehearing Denied April 22, 1983.

Leonard S. Rubenstein, Washington, D.C., Ronald E. Elberger, Bose, McKinney & Evans, Indianapolis, for appellant.

Joe C. Emerson, George M. Plews, Baker & Daniels, Indianapolis, for appellees.

HOFFMAN, Presiding Judge.

Appellant Dr. Yarnell is a licensed doctor and was an anesthesiologist and medical staff member of St. Francis Hospital prior to January 1981. In January 1981 appellant's employment record was reviewed as part of the annual procedure leading to reappointment of staff privileges. All members of the medical staff are reviewed for reappointment annually.

The Medical Board of the Hospital originally recommended against reappointment of appellant. A hearing committee was established to review appellant's record and the Medical Board's recommendation. The hearing committee ultimately recommended reappointment of appellant, and the Medical Board agreed, changing its prior recommendation to one favoring reappointment of appellant.

The administrator and executive director of the Hospital disagreed with this result and brought their opposition to the attention of the Governing Board of the Hospital. The complaints of the administrator and director consisted mainly of allegations that appellant was threatening and abusive of medical staff personnel and that he was generally disruptive of hospital procedures. Concerned about the seriousness of these allegations, the Governing Board notified appellant that there would be a hearing prior to his being considered for reappointment. Appellant was given a list of specific charges, informed that he could appear at the hearing with the benefit of counsel, and given two weeks to prepare his defense.

Prior to the date set for the hearing appellant filed suit to enjoin the Hospital from relieving him of his staff privileges and subjecting him to the hearing. The Hospital filed a motion for involuntary dismissal which was granted by the trial court. This appeal results.

On appeal Yarnell raises several issues which have been consolidated for review: whether the trial court erred in granting the Hospital's motion for involuntary dismissal.

■ When reviewing the dismissal of an action pursuant to Ind. Rules of Procedure, Trial Rule 12, the Court views the evidence in a light most favorable to the plaintiff. Every inference should be regarded in plaintiff's favor, and the dismissal will be upheld where the plaintiff cannot prove any set of facts or establish any legal theory to support the cause of action in his complaint. *Pruden et al. v. Trabits et al.* (1977), 175 Ind.App. 219, 370 N.E.2d 959; *State Farm v. Shuman, Admx.* (1977), 175 Ind.App. 186, 370 N.E.2d 941.

Appellant forwards several theories supporting his claim that the trial court erred in granting the Hospital's motion to dismiss. Central to these theories is appellant's contention that his complaint stated a cause of action over which the trial court had jurisdiction. According to appellant, this cause of action arises out of the Hospital's failure to follow the procedures for reappointment of staff privileges set out in its bylaws.

■■ While this Court finds no decisions by the courts of Indiana addressing this issue, many other jurisdictions have met and answered the question. Generally a private hospital may exclude a licensed physician from its staff without being subject to judicial review. However, where a hospital is determining whether to reappoint a physician to the medical staff, its action shall be subject only to limited judicial review to determine whether the hospital administration followed the procedure set out in its bylaws. Where the hospital follows the procedure set out in its bylaws, any decision reached by the hospital board shall not be subject to judicial review.[1] *Spencer v. Community Hospital of Evanston* (1980) 87 Ill.App.3d 214, 42 Ill.Dec. 272, 408 N.E.2d 981; *Bello v. South Shore Hospital* (1981), Mass., —— Mass. ——, 429 N.E.2d 1011; *Fried v. Straussman* (1977) 41 N.Y.2d 376, 393 N.Y.S.2d 334, 361 N.E.2d 984; *Khan v. Suburban Community Hospital* (1976) 45 Ohio St.2d 39, 340 N.E.2d 398.

■ Appellant claims that the Hospital failed to follow its bylaws in several separate instances pertaining to the procedure for his reappointment to staff privileges. Yarnell's first argument rests upon his interpretation of Article III of the Medical Staff Constitution and Bylaws:

"4. After complete review of the application, references, and credentials by the Credentials Committee and recommendation to the Executive Committee and Medical Board, *the Governing Board shall appoint* to membership with specific privileges on recommendation from the Medical Board...." (Emphasis added.) *Record* at 197.

According to appellant the language of this bylaw mandates that the Governing Board

---

1. The Court notes that some fifteen other jurisdictions have addressed this issue and arrived at the same or similar conclusion.

appoint him to staff privileges once the Medical Board recommends that result. For further support appellant points to Section 9.3 of the Bylaws of the Sisters of St. Francis Health Services, Inc. Appellant contends that this bylaw acts as a delegation of the Governing Board's authority to review members of the medical staff empowering the Medical Board to perform the duty.

Even assuming arguendo that appellant's argument is correct, a different factual situation is presented to this Court. Originally the Medical Board recommended against reappointment of appellant, thus activating the provisions under Article III of the Constitution and Bylaws of the Medical Staff establishing the "Procedure for Rejection, Curtailment or Discontinuance (Due Process)." *Record* at 200.

Once the Medical Board recommends against reappointment, the following procedure is invoked:

1) The physician is notified by the president of the medical staff of the reason for his non-appointment. In the case at bar appellant was notified by letter mailed on January 22, 1981.

2) The physician then has ten days to request an appeal before a hearing committee. Appellant requested a hearing by letter dated January 27, 1981.

3) The medical staff then appointed the hearing committee as required, and appellant appeared before it for a hearing on April 30, 1981.

4) The hearing committee determined that appellant should be reappointed and recommended that appellant meet with the Professional Standards Committee of the medical staff.

5) The Medical Board considered the findings of the hearing committee and decided to alter its earlier decision and recommend that appellant be reappointed.

6) Since the Medical Board recommended that appellant be reappointed, it was unnecessary to appoint a judicial review committee required by the bylaws when there is a recommendation not to appoint.

We now arrive at the point where appellant contends the Hospital's actual procedures depart from those mandated in the bylaws. According to appellant the Hospital now must look to Section 4 of Article III, quoted above, and the Governing Board must appoint him since the Medical Board recommended that result. However, a close examination of the bylaws under the section pertaining to "rejection," discussed above, indicates a different result.

The bylaws specifically provide a procedure for resolution of disagreements between the Medical Board and Governing Board regarding reappointment. Nowhere within the bylaws is this procedure restricted to instances where the Medical Board recommends against reappointment as appellant contends, but it applies with equal force in the instant case where the Medical Board recommends appointment. The procedure set out in the bylaws requires that a hearing committee composed of at least two members of the Governing Board and the president and president-elect of the medical staff meet to resolve the dispute. If the dispute cannot be resolved the decision of the Governing Board is final. Appellant has no right to appear before this panel. In the case at bar the Hospital attempted to go beyond the minimal due process afforded through its bylaws and grant appellant a hearing rather than decide appellant's fate in his absence as it could have legally done. Therefore, any error the Hospital made was in appellant's benefit.

Appellant contends that this extra hearing was overly burdensome, and the Governing Board is powerless to act in this manner since it has delegated away its authority to review physicians for medical staff privileges. Even though the Governing Board has delegated some of its authority, it still remains ultimately responsible for the efficient operation of the Hospital and maintenance of high standards of professional care imposed by the Hospital by-

laws[2] and statute.[3] Further, the language used throughout the bylaws tracks that of the statute and supports the court's conclusion that final authority to appoint or reject a physician rests with the Governing Board. The bylaws consistently refer to a procedure of recommendations.

"Recommendation refers to an action which is advisory in nature rather than one having any binding effect."

Black's Law Dictionary 1144 (5th Ed. 1979).

Therefore, the Governing Board has the power to make the final decision on the reappointment of appellant and is not bound by any recommendation made by the Medical Board. Further, the Hospital in this instance went further than what was required by its bylaws to afford appellant due process.

█ It must be noted that appellant filed his lawsuit prior to the hearing date set by the Medical Board. Appellant then came before the Court and contended that he was not treated fairly, and the hearing would have been tainted. The Court has no way of determining whether the Hospital would have, in fact, acted arbitrarily at the hearing since it was never held. In order to succeed on these grounds one should exhaust his administrative remedies prior to bringing an action at law or equity. Other jurisdictions have reached this conclusion in similar factual settings. *Shulman v. Washington Hospital Center* (D.C.Cir.1965) 348 F.2d 70; *Guibor v. Manhattan Eye, Ear & Throat Hospital* (1978) 46 N.Y.2d 736, 413 N.Y.S.2d 638, 386 N.E.2d 247.

█ As to appellant's contentions that the process was unfairly tainted by the involvement of the administrator and executive director, appellant has shown no prej-

udice or malice due to their activity. The mere fact that officers in the Hospital were performing their duties in what they perceived as the best interests of the Hospital is not enough to prove that he was prejudiced. Faced with a similar question the Illinois Appellate Court concluded no prejudice resulted from the involvement of a Governing Board member in the lower level hearings concerning the reappointment of a physician. *Ladenheim v. Union County Hosp. Dist.* (1979) 76 Ill.App.3d 90, 31 Ill. Dec. 568, 394 N.E.2d 770. The evidence in that case like this one indicated that the physician was unable to work with other staff members and was disruptive of hospital procedures. This has been found to be sufficient reason to deny a physician staff privileges. *Even v. Longmont United Hospital Ass'n* (1981), Colo.App., 629 P.2d 1100; *Ladenheim v. Union County Hosp. Dist., supra; Bricker v. Sceva Speare Memorial Hosp.* (1971) 111 N.H. 276, 281 A.2d 589; *Straube v. Larson* (1979) 287 Or. 357, 600 P.2d 371.

For the reasons stated above the order of the trial court dismissing appellant's cause of action is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

2. Bylaws of the Sisters of St. Francis Health Services, Inc. § 9.10; Medical Staff Constitution and Bylaws Article III(c).

3. Ind.Code § 16–10–1–6.5 (Burns Code Ed.) states:

"Management of hospital—Appointment to medical staff—Medical review—Civil liability.—The governing board of the hosital [hospital] shall be the supreme authority in the hospital, responsible for the management, operation, functioning and control of the hospital, and the appointment of the members of the medical staff and the assignment of privileges to members of the medical staff with the advice and recommendations of the medical staff consistent with their individual training, experience, and other qualifications."