**PARKVIEW MEMORIAL HOSPITAL, INC., Appellant (Defendant Below),**

v.

**W. David PEPPLE, M.D., Appellee (Plaintiff Below).**

**No. 3-285A28.**

Court of Appeals of Indiana, Third District.

Oct. 2, 1985.

Rehearing Denied Nov. 22, 1985.

Martin T. Fletcher, T. Russell Strunk, Jr., Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellant.

Ronald L. Sowers, Sowers, Larson, Riebenack & Connolly, Jack E. Morris, Benson, Pantello, Morris & James, Fort Wayne, for appellee.

HOFFMAN, Judge.

Appellant Parkview Memorial Hospital, Inc., (Parkview herein) brings this interlocutory appeal from the trial court's order which in effect denied Parkview's motion in limine. The underlying action in this case was brought by appellee Dr. David Pepple (Pepple herein) against Parkview, seeking judicial review of Parkview's adverse recommendation with respect to Pepple's recredentialing. Parkview filed a motion in limine seeking an order:

> "directing that all parties, witnesses, and counsel in this action shall not refer to, mention, or give any testimony concerning nor make any nontestimonial statement concerning any proceedings of a Peer Review Committee or communications, records, or determinations of such Committee or any opinion recommendation or evaulation [sic] made by such

impeach such absent witness, as in the case where the witness is present, or his deposition is used."

(emphasis supplied).

Committee or any member or person appearing before such Committee."

Parkview's motion was based upon the confidentiality and privilege of peer review committee proceedings provision of IND. CODE § 34–4–12.6–2. The trial court granted this motion, and subsequent thereto, Pepple filed a motion to reconsider that ruling. The trial court did reconsider its decision and vacated the prior ruling. The court also certified the issue for immediate review by this Court. Thus, this Court must determine whether the confidentiality and privilege provisions of IND.CODE § 34–4–12.6–2 apply in a civil action brought by a doctor challenging a private hospital's decision with respect to his surgical privileges.

This Court may not interpret or construe the statute in question unless it is ambiguous or unclear. *Figg & Muller Engineers, Inc. v. Petruska* (1985), Ind.App., 477 N.E.2d 968. Subsection (c) of the statute provides:

"(c) Except in cases of required disclosure as authorized in this chapter no records of determinations of, or communications to, a peer review committee shall be:

(1) subject to subpoena or discovery; or

(2) admissible in evidence;

in any judicial or administrative proceeding, ... without a prior waiver executed by the committee."

This provision is neither unclear or ambiguous. The limitation which Pepple urges this Court to apply does not appear. Had the Legislature intended to limit this statute to only medical malpractice actions, it could have so stated.

Therefore, the trial court's order granting Pepple's motion to reconsider is reversed and the trial court is ordered to reinstate its original order granting Parkview's motion in limine.

Reversed.

STATON, P.J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur with the majority but because of Pepple's assertion that IC 34–4–12.6–2 was voided *sub silencio* by the First District's decision in *Terre Haute Regional Hospital v. EL–Issa* (1984), Ind.App., 470 N.E.2d 1371 some amplification may be helpful.

The law generally recognizes that the fourteenth amendment's requirements of due process are not applicable to the decisions of private hospitals, such as Parkview, in granting and removing staff privileges of physicians. *Kiracofe v. Reid Memorial Hospital* (1984), Ind.App., 461 N.E.2d 1134.

Thus, the general rule is that a private hospital's decision to admit or remove a physician from staff is not, itself, subject to judicial review. *Kiracofe, supra; Yarnell v. Sisters of St. Francis Health Service* (1983), Ind.App., 446 N.E.2d 359.

On the other hand, the by-laws of the hospital may create contract rights between the hospital and its staff, *EL–Issa,* 470 N.E.2d at 1377, and may entitle a physician whose staff privileges have been reduced or removed to *limited* judicial review necessary to insure that in such instances the hospital has followed the necessary prescribed procedures. *EL–Issa, supra; Yarnell, supra.*

In this context Pepple's argument that the Indiana Peer Review Act should have application only in claims asserting medical malpractice misses the mark. Since the basic decision to remove certain staff privileges is insulated from judicial review, it follows that what was reported about him and by whom would ordinarily be irrelevant to the review to which he is entitled and such evidence would therefore be properly excludible on that ground.

We need not consider at this juncture whether some specific bit of evidence necessary to the judicial review to which Pepple is entitled is arguably in conflict with the privilege the statute appears to accord. Motions in limine and the orders entered thereon are not final adjudications of ad-

missibility. *See Inman v. State* (1979), 271 Ind. 491, 393 N.E.2d 767.

I agree that the opinion in *EL–Issa* certainly appears to consider matters excludible from evidence under the Peer Review Statute. Arguably, so do the decisions in *Kiracofe* and *Yarnell*. However, none of these decisions make any reference to the act or the privilege it accords. By its own terms the act permits waiver of the privilege by the committee. IC 34–4–12.6–2(c).

Since there is no mention whatever of the act in these cases, I believe we may only presume that a proper waiver was effected in the trial court, or that for other reasons consideration was waived on appeal. In either case, they constitute no binding precedent upon this appeal.

I concur.