CITY OF CROWN POINT, Indiana,
Appellant (Defendant Below),

v.

Garret J. KNESEK, William A. Bish,
Jerry Baldwin, and John E. Knox,
Appellees (Plaintiffs Below).

No. 4–685A172.

Court of Appeals of Indiana,
Third District.

Feb. 20, 1986.

Rehearing Denied March 31, 1986.

William B. Davis, Bonnie C. Coleman, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, for appellant.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellees.

HOFFMAN, Judge.

Defendant-appellant City of Crown Point, Indiana (the City) appeals a decision by the Lake Circuit Court reversing a decision by the Crown Point Board of Public Works and Safety (the Board) ordering disciplinary action against the plaintiffs-appellees Garret Knesek (Knesek), William Bish (Bish), Jerry Baldwin (Baldwin) and John Knox (Knox) (the officers), who are four Crown Point police officers.

The evidence relevant to this appeal reveals that Dennis Trigg (Trigg) a member of the Indiana State Police was assigned to investigate illegal gambling activities at the Pizza Maker restaurant and saw Knox, and other officers later identified as Knesek, Bish and Baldwin, seated at a booth located several booths from an electronic poker machine. Trigg played the machine in the presence of the officers; however, he was unsure whether any of the officers actually viewed his activities.

Trigg accumulated a score of 44 points on the machine, and while walking toward the officers, stated in a boisterous voice, "[H]ey, I just hit a winner." Trigg then walked to a cash register near the kitchen entrance and received a payoff of $10.00. Trigg did not think that any of the officers could have seen him receive the money.

As a result of the investigation, the Crown Point Chief of Police, Charles Franko, charged Knesek, Bish, Baldwin and Knox with misconduct for violating various police regulations. Specifically, each officer was charged with observing illegal gambling activity at the Pizza Maker on December 16, 1983. Franko notified the Board that charges were being preferred against the officers.

On April 2, 1984 the Board notified the officers that they could request a hearing on the charges. A hearing was held by the Board on April 30, 1984. Besides Trigg, a former waitress at the Pizza Maker, Margie Steuer, was among the witnesses at the hearing.

Steuer was not working on December 16, 1983. Instead over objection, Steuer testified regarding another incident she witnessed. Steuer testified that while she was making a payoff to a patron, Knox stated that he did not see anything.

Chief of Police Franko testified that the playing of the poker machines was not illegal, but that accepting a payoff was. Franko interviewed the four officers prior to the hearing and only Knesek admitted any knowledge that payoffs were being made at the Pizza Maker.

On May 25, 1984 the Board determined that Baldwin and Knesek should receive reprimands, that Bish should be suspended from duty without pay for one week and that Knox should be suspended from duty without pay for two weeks. On June 12, 1984 the officers filed a complaint in the Lake Circuit Court for review of the Board's decision. Within its findings of fact and conclusions of law, rendered January 28, 1985, the court found the Board's decision arbitrary, capricious and contrary to law. The Board's decision was reversed prompting the instant appeal.

On appeal the City presents three issues for review. The final two issues may be consolidated and as restated, the issues are:

(1) whether the court lacked subject-matter jurisdiction to review the Board's decision regarding Knesek, Baldwin and Bish; and

(2) whether the court properly determined that the Board's decision was arbitrary and capricious, requiring reversal.

■ Under the first issue, the parties agree that judicial review of the Board's decision is based upon IND.CODE § 36–8–3–4(e) which provides:

"The reasons for the suspension, demotion, or dismissal of a member of the police or fire department shall be entered as specific findings of fact upon the records of the safety board. A member who is suspended for a period exceeding ten (10) days, demoted, or dismissed may appeal the decision to the circuit or superior court of the county in which the unit

is located. However, a member may not appeal any other decision."

Preclusion of judicial review is beyond legislative function; however, the judiciary may implicitly or explicitly approve such a determination. *See, Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 111–112, 26 N.E.2d 399, 406, (right to appeal not premised on legislative pronouncements, but court may acquiesce in statutory limitation on review of questions which the court on its own initiative could have refused to consider). Inasmuch as this Court has previously determined, under the predecessor statute IND.CODE § 18–1–11–3, that sufficient reasons exist for denying review to an officer who is reprimanded or suspended for up to ten days, the Lake Circuit Court lacked subject-matter jurisdiction to review the disciplinary action against Knesek, Bish and Baldwin. *See, State ex rel. Dunlap v. Cross* (1980), Ind.App., 403 N.E.2d 885, 887 (court gave approval to beyond ten-day suspension requirement for review finding *inter alia* statute allows expeditious treatment of minor disciplinary problems). Consequently, the Board's decision as to Knesek, Bish and Baldwin must be reinstated.

The court's decision as to Knox remains for review on the second issue. The Lake Circuit Court was limited to review of the Board's decision for substantial evidence and whether the decision constituted an abuse of discretion or was arbitrary and capricious as revealed by uncontroverted facts. *City of Indianapolis v. Ingram* (1978), 176 Ind.App. 645, 377 N.E.2d 877. Additionally, the court on review was bound by the Board's findings of fact, if supported by evidence and the court may not substitute its judgment for that of the Board. *City of Gary v. Gause* (1974), 162 Ind.App. 97, 317 N.E.2d 887.

The court apparently refused to consider any evidence of conduct, either admitted to by officers or testified to by witnesses, which did not occur on December 16, 1983. The charges must be full, clear, complete and concise in order to allow an officer to adequately prepare a defense. *Ely v. City of Montpelier* (1969), 146 Ind.App. 175, 253 N.E.2d 286. However, evidence of occurrences other than those on December 16, 1983 was properly considered by the Board to demonstrate that Knox had knowledge of illegal gambling activities at the Pizza Maker. *Cf., In re Vincent* (1978), 268 Ind. 101, 374 N.E.2d 40 (intent may be established by examination of surrounding circumstances).

The evidence that Knox ignored a payoff prior to December 16, 1983, demonstrates that Knox knew of gambling activities at the Pizza Maker and such knowledge, coupled with the events that occurred on December 16, 1983, established that Knox was aware of the gambling that took place on December 16, 1983. The court in the present case substituted its judgment for that of the Board. Accordingly, the Board's decision as to disciplinary action against Knox must be reinstated.

The court's decision is reversed and the determination of the Board is reinstated as to all plaintiffs.

Reversed.

STATON, P.J., and GARRARD, J., concur.