**CITY OF CROWN POINT, Indiana, Appellant (Defendant Below),**

v.

**Garret J. KNESEK, William A. Bish, Jerry Baldwin, and John E. Knox, Appellees (Plaintiffs Below).**

No. 45S04–8611–CV–950.

Supreme Court of Indiana.

Nov. 6, 1986.

William B. Davis, Bonnie C. Coleman, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, for appellant.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellees.

## ON PETITION TO TRANSFER

SHEPARD, Justice.

This case presents a question upon which the districts of the Court of Appeals have issued conflicting decisions, namely, whether due process requires judicial review of minor discipline imposed by a city government upon a police officer. To resolve the existing conflict, we grant transfer and hold that it does not.

Appellees Garret Knesek, William Bish, Jerry Baldwin, and John Knox, four officers of the Crown Point police department, were disciplined by the board of public works and safety after the chief of police brought charges alleging that each had observed illegal gambling without taking any action. Baldwin and Knesek were reprimanded; Bish was suspended for one week; Knox was suspended for two weeks.

The officers filed a complaint in the Lake Circuit Court seeking review of the board's action. The court found that the board's decision was "arbitrary and capricious and not supported by the evidence" and set it aside. The Court of Appeals held that the board's decision concerning Knox was supported by substantial evidence. It held that the trial court had no subject matter jurisdiction to review the other penalties. The judgment of the trial court was reversed. *City of Crown Point v. Knesek* (1986), Ind.App., 489 N.E.2d 114.

It is this latter question which has been a matter of conflict between different districts of the Court of Appeals. The Third District has held that due process does not require judicial review of agency action when the right to further employment exists only by statute. *State ex rel. Dunlap v. Cross* (1980), Ind.App., 403 N.E.2d 885. The Fourth District has held that due process requires judicial review even when the legislature has failed to provide for it. *Gerhardt v. City of Evansville* (1980), Ind. App., 408 N.E.2d 1308.

We have visited this question before. When the General Assembly reorganized the municipal government of Indianapolis, this Court was called upon to determine the constitutionality of the so-called "Uni-Gov" statute. Among the claims presented by the plaintiffs in that action was the assertion that the statute denied due process to members of the police force because it provided that disciplinary penalties of ten days or less were not subject to judicial review. This Court specifically rejected that claim, saying: "It is our considered opinion that the disciplinary procedures provided for by the Act respecting the discipline of members of the consolidated police force are eminently reasonable and beyond constitutional attack." *Dortch v. Lugar* (1971), 255 Ind. 545, 580, 266 N.E.2d 25, 46.

While due process limits the power of the legislative branch to shield action

from judicial review, due process does not require that every single question be open to appeal. *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 110, 26 N.E.2d 399, 406. To assert that the judicial branch is authorized under the constitution to demand that every action be justified to us would present a considerable intrusion into matters assigned to the executive and legislative departments.

■ The limitation on the ability of the courts to review and revise actions of the kind taken against Knesek, Bish and Baldwin has already been determined constitutional by this Court. Accordingly, we hold that the Court of Appeals correctly decided the case at bar and overrule *Gerhardt v. City of Evansville*, 408 N.E.2d 1308.

Lieutenant Knox was entitled to judicial review of his two-week suspension under Ind.Code § 36–8–3–4(e) (Burns 1981 Repl.). The trial court found that the board's decision was arbitrary, capricious, and not based on sufficient evidence.

■ The chief of police charged Knox with violation of various department rules requiring that officers take notice of criminal activity and act to arrest those involved. The charge specified that on December 16, 1983, Knox had witnessed individuals who were playing a poker machine in the Pizza Maker restaurant receive illegal payoffs from the owner when they achieved a given score. One of the players was State Police officer Dennis Trigg, who was working undercover. This officer testified before the board that he had been sent to the restaurant for the specific purpose of participating in gambling in front of Lieutenant Knox. Trigg testified that Knox sat in a booth facing the poker machine while he played it. Achieving the necessary score for a payoff, Trigg walked toward Knox, announced in a boisterous voice that he had "hit a winner," and proceeded around the counter to take his winnings from the owner.

Trigg said that he thought Knox could not actually see him take the money. Defense counsel asked him, "So, you can't testify of your own knowledge that you observed any one of these policemen watch you as you played the machine?" Trigg responded that he could not.

The board admitted testimony by a waitress concerning Knox's knowledge of the practice of making payoffs in the restaurant. She testified that several weeks earlier Knox had been in the restaurant when a patron approached her for his payoff. The patron told her it probably was not a good idea to make a payoff in front of a police officer. Knox responded, "I don't see anything, I don't know what you are talking about." This evidence could properly be considered by the board as proof of Knox's knowledge of what trooper Trigg was doing when he announced that he had "hit a winner" and headed for the cashier. *Smeltzer v. State* (1962), 243 Ind. 437, 185 N.E.2d 428.

Counsel points to Trigg's inability to testify that he witnessed Knox observing him play the machine and take the payoff. However, the board was entitled to draw conclusions from the whole of the evidence before it. The board received a complete description of the positions of the various officers, including a drawing of the layout of the restaurant. It apparently concluded that a lieutenant who sat facing the poker machine knew what was going on when a patron marched past him announcing he "hit a winner" and headed for the cashier. It certainly cannot be said that the board's conclusion that Lieutenant Knox observed illegal gambling was "arbitrary and capricious."

The judgment of the trial court is reversed and the order of the board of public works and safety thus stands.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

I essentially agree with the result but I perceive a danger in completely precluding

review of any suspension of less than 10 days. While there is no right to an appeal of the Board's decision, there is still a duty incumbant upon the judiciary to determine if the requirements of due process have been met. *Murphy v. Indiana Parole Board* (1979), 272 Ind. 200, 203, 397 N.E.2d. 259, 261; *Warren v. Indiana Telephone Co.* (1939), 217 Ind. 93, 117, 26 N.E.2d. 399, 409.

It is not the extent of the penalty imposed which triggers a due process review. Rather, it is the nature of the interest affected which actually determines the reviewability. The nature of the interest in this type of case is twofold, the burden of the penalty imposed and the stigma of an adverse determination. Both of these interests relate to the availability of judicial review and only when the impact of both interests is slight can judicial review be precluded. The nature of the conduct and the attached stigma must be considered as well as the burden of the penalty before preclusion of review can be permitted.

In the instant case, the offense attributed to the officers was commensurate with the penalty imposed and the unavailability of judicial review did not impact upon appellee's due process rights. However, the imposition of a suspension of less than 10 days cannot alone preclude judicial review.