David W. PEPPLE, M.D., Appellant (Plaintiff Below),

v.

PARKVIEW MEMORIAL HOSPITAL, INC., Appellee (Defendant Below).

No. 92A03–8701–CV–10.

Court of Appeals of Indiana, Third District.

Aug. 10, 1987.

As Corrected Sept. 14, 1987.
Rehearing Denied Sept. 22, 1987.

**468**

Ronald L. Sowers, Robert E. Connolly, Sowers, Larson, Riebenack & Connolly, Fort Wayne, for appellant.

T. Russell Strunk, Jr., Martin T. Fletcher, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant David Pepple, M.D. appeals an adverse summary judgment entered by the trial court in favor of defendant-appellant Parkview Memorial Hospital, Inc. An aspect of this case, concerning the confidentiality of peer review proceedings under IND.CODE § 34-4-12.6-2, was previously determined by this Court on interlocutory appeal. *Parkview Memorial Hosp., Inc. v. Pepple* (1985), Ind.App., 483 N.E.2d 469. Subsequent to this Court's decision in *Parkview*, the trial court granted Parkview's motion for summary judgment. On September 4, 1986 the trial court concluded *inter alia*, that Pepple received every due process right conferred by the medical staff by-laws; that Parkview is a private not-for-profit institution; that review of a private hospital's determination to exclude a physician is limited to an ex-

amination of the procedures required by the by-laws; that this Court's decision in *Parkview, supra*, forecloses review of the substantive issues even under an arbitrary and capricious standard because the records, proceedings, and communications within the peer review committee are privileged and confidential; that the privilege has not been waived in this case; and that consequently, the hospital's decision to limit Pepple's surgical privilege is not reviewable. This appeal ensued.

Pepple raises four issues for review. As restated, the issues are:

(1) whether judicial review of a private hospital's actions is limited to a review to insure that the procedures found within the hospital's by-laws have been followed, or may a substantive review be conducted to determine whether the hospital acted arbitrarily and capriciously;

(2) whether there existed a genuine issue of material fact whether the hospital's decision regarding Pepple's surgical privileges was arbitrary and capricious;

(3) whether IND.CODE § 34-4-12.6-4 excepts the communication in the present case from the privilege requirements of IND.CODE § 34-4-12.6-2; and

(4) whether Pepple sufficiently established claims of negligence and breach of contract beyond consideration of the evidence precluded by IND.CODE § 34-4-12.6-2 (The Peer Review Act).

It is generally understood that a private hospital may act at its discretion and its decisions, including denial of privileges to a physician, are not subject to judicial review. *See* 37 ALR.3d 645, 649 (annotation on the exclusion of physicians by hospitals). Once it is established that the hospital is indeed private, the role of the court is restricted to a determination that the institution complied with the procedures set out in its by-laws. *Kiracofe v. Reid Memorial Hospital* (1984), Ind.App., 461 N.E.2d 1134, 1139;

*Yarnell v. Sisters of St. Francis Hlth. Serv.* (1983), Ind.App., 446 N.E.2d 359, 361.

■ After reviewing on this basis, several of this Court's decisions have gratuitously added that a hospital's procedures and its decisions should not be arbitrary. *See, Terre Haute Regional Hosp., Inc. v. El-Issa* (1984),

Ind.App., 470 N.E.2d 1371, 1382;

*Kiracofe, supra,* 461 N.E.2d at 1141;

*Yarnell, supra,* 446 N.E.2d at 363.

A review for arbitrariness and capriciousness would add a substantive aspect to an unadorned procedural matter. It is the substantive review which Pepple requests. Pepple does not argue that Parkview should be treated as a public hospital because of some state action, which may trigger the review implemented in the case of public institutions.[1] *See, e.g., McCray Mem. Hosp. et al. v. Hall* (1967), 141 Ind. App. 203, 226 N.E.2d 915, (exclusion of a physician at a public hospital may not be unreasonable, arbitrary or capricious).[2] Instead, Pepple contends that judicial review must necessarily include a substantive component to be effective. The source of this substantive review is not immediately apparent. Absent some state action or state participation, the due process rights found within the Fifth and Fourteenth Amendments are inapplicable to private institutions.[3] *Kiracofe, supra,* 461 N.E.2d at 1139–1140. Therefore, Parkview's decision may not be reviewed for arbitrariness and capriciousness.

Pepple's issue questioning the hospital's actions as arbitrary and capricious is subsumed in the discussion of the first issue. Pepple is entitled to no such review.

Next, Pepple asserts that IND.CODE § 34-4-12.6-4 (1983 Supp.) excepts the communications in this case from the privilege found within the Peer Review Act, IND.CODE § 34-4-12.6-2 (1983 Supp.). In *Parkview Memorial Hosp., Inc. v. Pepple, supra,* Ind.App., 483 N.E.2d 469, 470, this Court determined that IND.CODE § 34-4-12.6-2 clearly and unambiguously requires confidentiality of peer review committee proceedings. In *Parkview, supra,* Pepple urged this Court to limit application of the statute to medical malpractice actions. Failing that, Pepple now takes the approach that IND.CODE § 34-4-12.6-4 allows use of the communications in this case.

■ The exception, to the confidentiality and privilege, found within IND.CODE § 34-4-12.6-4 provides that "[a] professional health care provider, a peer review committee, and the governing board of a hospital or professional health care organization may use information obtained by peer review committees for legitimate *internal business purposes,* including their own defense." (Emphasis added.) While this action stems from an internal business proceeding, Pepple now seeks to use the communications in a judicial proceeding.[4] Use of the communications at this stage would be neither for internal business pur-

1. In his concurring opinion in *Kiracofe, supra,* Judge Ratliff posits a view which, after great simplification, suggests that the differences between private and public hospitals are few; thus, actions by private hospitals should also be subject to some limited review. 461 N.E.2d at 1144. This view stretches normal due process boundaries.

2. An arbitrary and capricious standard, if applied to private institutions would be tantamount to the review on unreasonableness, arbitrariness or capriciousness accorded plaintiffs questioning the decisions of public hospitals. Therefore, review for arbitrariness and capriciousness would blur the distinction between public and private hospitals.

3. In *Kennedy v. St. Joseph Memorial Hosp.* (1985), Ind.App., 482 N.E.2d 268, an arbitrary

and capricious standard of review was freely applied. There is no indication in *Kennedy* as to the public or private status of the hospital. *See also, Ezpeleta v. Sisters of Mercy Health Corp.* (7th Cir.1986) 800 F.2d 119, 123 (Court expressed reservations in applying arbitrary and capricious standard of review to actions of private hospital even though some support for standard found in *Kennedy* ).

4. It is interesting to note that apparently privileged communications were available to the Court in *Kennedy, supra; El-Issa, supra; Kiracofe, supra;* and *Yarnell, supra.* The privilege may be waived. IND.CODE § 34-4-12.6-2. Pepple presents no question whether *Parkview* has waived the privilege.

poses nor for Pepple's defense, as he suggests. This argument must fail.

In his final issue Pepple alleges that the trial court's determination that no genuine issue of material fact exists as to his claims, was in error. Pepple contends that excluding the privileged information, he has stated sufficient facts to raise a genuine issue of material fact. Specifically, Pepple argues that the affidavits and depositions of his colleagues establish his professional excellence; thus, the hospital's actions were necessarily arbitrary and capricious.

Notwithstanding any failure in Pepple's logic, or insufficiency in the evidence presented, Pepple is not entitled to review on an arbitrary and capricious standard. Having presented no reversible error, the trial court's decision is affirmed.

Affirmed.

STATON, J., concurs.

SULLIVAN, J., dissents with opinion.[5]

SULLIVAN, Judge, dissenting.

The majority holds that an arbitrary and capricious decision by a private hospital to curtail a physician's staff privileges is not subject to judicial review. I respectfully dissent.

At least one Indiana case, *Kennedy v. St. Joseph Memorial Hospital of Kokomo, Indiana, Inc.* (1985) 1st Dist. Ind.App., 482 N.E.2d 268, has appeared to apply a standard which permits review of private hospital action for arbitrariness or capriciousness. I disagree with footnote 3 of the

majority opinion here insofar as it suggests that the *Kennedy* case applied the standard to a public hospital.

I believe it unfortunate that perhaps by inadvertence the majority opinion today suggests that the *Kennedy* court did not articulate the "arbitrary and capricious" standard in the context of a private hospital. On the other hand, to be accurate, it may not be wholly proper to say that the *Kennedy* court, consciously and intentionally applied the standard to a private hospital.

In articulating a standard applicable to a particular kind of case, I believe it is fair to assume that unless stated otherwise the court intended to apply that standard to the case before it. *See* 21 C.J.S., *Courts* §§ 186 and 222 (1940). If not, the court was indulging in a misleading recitation of irrelevant principles of law. However, I must agree that, if the *Kennedy* court intended to extend the "arbitrary and capricious" standard to private hospitals, it did not do so in a clear and unmistakable manner. Even ascribing to the *Kennedy* court the unlikely [1] intention to limit the standard to public hospitals, one would think such limitation would have been clearly set forth. In any event, I can no more ascribe to the *Kennedy* decision, a construction which would apply the standard only to public hospitals, than I can in good conscience say that it intended to extend the standard, for the first time, to private hospitals. Of course, I am of the view that the decision did apply the "arbitrary and capricious" standard to a private hospital. Accordingly, I take issue with the majority's

---

**5.** The dissent takes great issue with footnote 3 in the majority opinion. The footnote accurately states the holding embodied in that opinion. It is inappropriate and improper to go beyond the four corners of an opinion to attempt to add facts not embodied in that opinion.

**1.** I think it unlikely because the title of the hospital, St. Joseph Memorial Hospital, clearly connotes a private institution. I would further observe that even if the *fact* may not be utilized to conclusively interpret the *Kennedy* opinion (because not recited in that opinion) St. Joseph is in truth a private hospital and was determined to be so by the specific findings of the trial court in *Kennedy*. *Kennedy* Record at 217.

I do not believe that it is appropriate or even permissible to ignore the discoverable facts of record in a previous case before this court, particularly when to do so is to give a misleading coloration to that prior decision. *See Hudson v. Hudson* (1985) 2d Dist. Ind.App., 484 N.E.2d 579 (procedural posture of prior case authority ascertained by review of record); *Giles v. Maryland* (1967) 386 U.S. 66, 87 S.Ct. 793, 797, 812, 17 L.Ed.2d 737 (U.S. Supreme Court remanded post-conviction case to state courts premised, by a plurality, upon matters which were not of record at any stage of the state proceedings but which were deemed determinative of the issue decided.).

rejection of the arbitrary and capricious standard of review as applied in *Kennedy.* That standard was stated as follows:

"Judicial intervention is limited to an assessment of whether the proceedings employed by the hospital are fair, the standards set by the hospital are reasonable, and whether they have been applied arbitrarily and capriciously. *Kiracofe v. Reid Memorial Hospital,* (1984) Ind. App., 461 N.E.2d 1134; *Yarnell v. Sisters of St. Francis Health Services,* (1983) Ind.App., 446 N.E.2d 359. A governing body has the power to make a final decision on the reappointment of a physician to staff privileges and is not bound by the recommendation of the medical board. *Yarnell, supra.* An action by an administrative agency is arbitrary and capricious if made in disregard of the facts and circumstances of the case without some basis which would lead a reasonable person to the same conclusion." 482 N.E.2d at 271.

Even if the public-private distinction had not been diluted or placed into question by the *Kennedy* decision, I would heartily subscribe to the view of Judge Ratliff as set forth in his separate concurrence in *Kiracofe v. Reid Memorial Hospital* (1984) 1st Dist. Ind.App., 461 N.E.2d 1134, 1144:

"If the hospital governing authority acts in a manner which is not arbitrary, capricious, or unreasonable, and its conclusions are founded on reasonable and sensible grounds consistent with the best interests of the public, the physician, and the hospital, and in keeping with the hospital's public trust, the hospital's action will not be disturbed. The right of judicial review must be extended to the physician, however, in order that the actions of the hospital board be kept within allowable bounds."

As did Judge Ratliff in *Kiracofe,* I fail to discern any valid basis for distinction between "private" hospitals and "public" hospitals with reference to the due process protections to be afforded staff physicians. *See* Annot., 37 A.L.R.3d 645, 661–63 (1971). The public-private distinction has been greatly blurred, if not obliterated, by the influx of various governmental funds in both instances. In any event, the hospital-physician relationship would seem to give rise to certain privileges and responsibilities on both sides. It seems to me that the carrying out of these responsibilities and the exercise of these privileges must be subject to some overview. There must be some forum in which discriminatory, arbitrary and capricious administrative decisions may be reviewed. A person whose professional reputation has been unjustly or maliciously threatened, damaged, or destroyed, should have some access for redress in that branch of government best suited for review of such disputes.

The constitutional due process underpinnings of the right of judicial review may not be so absolute as one might conclude from a reading of *Warren v. Indiana Telephone Co.* (1940) 217 Ind. 93, 26 N.E.2d 399, and its progeny. *See City of Crown Point v. Knesek* (1986) Ind., 499 N.E.2d 261. Nevertheless, I do not perceive that our system of jurisprudence permits insulation of administrative decisions, such as that before us, from any and all independent scrutiny.

To be sure, as stated in *City of Crown Point v. Knesek, supra,* 499 N.E.2d at 263, not "every single question" nor "every action" need be ratified or justified by the judiciary but there must be some remedy for irreparable damage occasioned by blatant administrative overreaching. In any event, I believe it unacceptable to afford due process to staff physicians of "public" hospitals while denying the same protections to "private" hospital staff. Accordingly, I would afford judicial review for the purpose of ascertaining whether the hospital's procedures comported with due process concepts and whether the decision was arbitrary or capricious.

It is apparent from the record that at the administrative level, Dr. Pepple was afforded notice and a hearing with respect to restriction of his staff privileges. (Parkview Memorial Hospital Medical Staff By-Laws, 1980 Revision, Record p. 72 at pages 90–94 inclusive). The trial court appropriately determined that Dr. Pepple received

all procedural due process protections afforded by the Medical Staff By-Laws.

Given that fact, Dr. Pepple was entitled to have those administrative proceedings "be full and fair, conducted in good faith and before an impartial body." *City of Marion v. Antrobus* (1983) 2d Dist. Ind. App., 448 N.E.2d 325, 329, *trans. denied. See also Hunt v. Shettle* (1983) 3d Dist. Ind.App., 452 N.E.2d 1045; *City of Anderson v. State ex rel. Page* (1979) 4th Dist. Ind.App., 397 N.E.2d 615; *Biddle v. City of Fort Wayne* (N.D.Ind.1984) 591 F.Supp. 72 (hearing at which administrative board merely rubber-stamped City's findings did not afford due process).

Assuming some sort of review, the question next posed concerns access to information which was before the peer review committee. Our task involves interpretation of I.C. 34–4–12.6–4 (Burns Code Ed.Repl.1986) which provides as follows:

> "A professional health care provider, a peer review committee, and the governing board of a hospital or professional health care organization may use information obtained by peer review committees for legitimate internal business purposes, including their own defense."

I would reject the position taken by the Hospital that any use of the information is restricted to Dr. Pepple's "defense" at the administrative level. Although Dr. Pepple's legal position in the present lawsuit is not in the usual sense defensive in nature, in that he is the plaintiff and bears the burden of proof, it is nevertheless defensive in the context of the confidentiality and privilege provisions of the statute. He was and is still attempting to defend the staff privileges accorded him over a period of years. *See Memorial Hospital for McHenry County v. Shadur* (7th Cir.1981), 664 F.2d 1058; *Schafer v. Parkview Memorial Hospital, Inc.* (N.D.Ind.1984) 593 F.Supp. 61.

My view is not altered by the Hospital's position concerning the use of peer review committee evidence for "internal business purposes." It seems to me that restoration of staff surgery privileges as between the hospital and the doctor is an internal business matter even though it has other aspects as well which concern public policy and individual rights, and even though that restoration is sought through judicial rather than internal administrative proceedings.

Consistent with this view is the concurrence of Judge Garrard in the interlocutory appeal which preceded this appeal. In *Parkview Memorial Hospital v. Pepple, Inc.* (1985) 3d Dist. Ind.App., 483 N.E.2d 469, *trans. denied,* he observed that the question of admissibility is distinct from the question whether information is protected by the confidentiality and privilege provisions of the statute. In doing so, however, he also observed that Dr. Pepple, in this case, has a right to judicial review, and that access to and use of evidence might come into conflict with the statute. He said:

> "We need not consider at this juncture whether some specific bit of evidence necessary to the judicial review to which Pepple is entitled is arguably in conflict with the privilege the statute appears to accord. Motions in limine and the orders entered thereon are not final adjudications of admissibility." 483 N.E.2d at 470–471.

The untenable position in which aggrieved physicians are placed is demonstrated by I.C. 34–4–12.6–1(f) (Burns Code Ed.Repl. 1986) which provides:

> " 'In good faith' means an act taken without malice after a reasonable effort to obtain the facts of the matter and in the reasonable belief that the action taken is warranted by the facts known. In all actions to which this chapter applies, good faith shall be presumed; and malice shall be required to be proven by the person aggrieved."

If the staff physician is to have meaningful judicial review, he must be afforded some vehicle to demonstrate that the ultimate administrative decision was arbitrary and capricious. In my view he may do so only by access to and use of evidence which was before the peer review committee, if that evidence prompted or materially contributed to the ultimate decision. To be sure, some restraints and conditions may

be imposed upon that access and use. But it should not be totally and arbitrarily denied. The nature and basis for such restraints and conditions might vary with the circumstances. *See Schafer v. Parkview Memorial Hospital, Inc., supra,* 593 F.Supp. 61 (depositions and redacted copies of committee minutes ordered produced but subject to a possible protective order concerning admissibility.)

The competing policy considerations involved are set forth in *Memorial Hospital for McHenry County v. Shadur, supra,* 664 F.2d 1058, which dealt with an Illinois statute similar to that here involved. The *Shadur* decision recognized the validity and necessity for confidentiality, but at the same time recognized the need for full and truthful disclosure when one's right to practice his profession is jeopardized:

> "To recognize hospital disciplinary proceedings as privileged, regardless of the purpose for which disclosure is sought, would in effect grant such committees, their members and participants absolute immunity from prosecution for all statements made and actions taken in the context of such proceedings." 664 F.2d at 1063.

The reviewing court must assess and balance the policy considerations for confidentiality and privilege against the prejudice to the plaintiff if the information is not accessible. This balancing concept was articulated in the *Schafer* case:

> "This case, of course, is neither an antitrust suit nor a medical malpractice action. Nonetheless, it is clear, as all courts which have reviewed peer review statutes recognize, that a balance must be struck between the competing interests of plaintiff's needs for disclosure and defendant's need to protect confidentiality." 593 F.Supp. at 64.

For the foregoing reasons, I would permit judicial review of the hospital determination to assure that due process was accorded and that the decision is not arbitrary and capricious. I would further afford the plaintiff such access to evidence or information as the reviewing court in its discretion might direct.

Even if I were to agree with my colleagues concerning nondiscoverability or inadmissibility of evidence before the peer review committee, I could not vote to affirm the summary judgment. That some relevant evidence is not available to Dr. Pepple does not mean that he cannot obtain some relief from a reviewing court. It is possible that some of the evidence in this matter is not confidential or privileged. It is also possible that such non-privileged evidence would disclose arbitrariness or capriciousness. I am not convinced that Parkview Hospital carried its burden to demonstrate that there was no genuine issue as to a material fact and that it was entitled to a judgment upon the merits as a matter of law.

I would reverse the summary judgment and remand for further proceedings.

