**Morris S. FRIEDMAN,**
**Plaintiff–Appellant,**

v.

**MEMORIAL HOSPITAL OF SOUTH BEND, INC., Defendant–Appellee.**
**No. 71A03–8706–CV–152.**

Court of Appeals of Indiana,
Third District.

May 19, 1988.

---

Don G. Blackmond, South Bend, for plaintiff-appellant.

Frederick Wm. LaCava, Michael L. Carter, Frederick Wm. LaCava & Associates, Indianapolis, for defendant-appellee.

GARRARD, Presiding Judge.

Morris S. Friedman appeals from a summary judgment entered in favor of Memorial Hospital of South Bend, Inc. in an action he brought for review of two disciplinary proceedings instituted by the hospital. The only issue presented is whether the trial court erred in concluding that Friedman received adequate notice of the charges brought against him in the disciplinary proceedings. We affirm.

■ Friedman first argues that the trial court erroneously concluded that the notices he received afforded him adequate protection under due process standards. While the trial court specifically found that Friedman had been afforded due process, it is irrelevant in this case that such a finding was made. Friedman does not dispute that the hospital is a private institution. As such and absent some state action, the due process rights found within the Fifth and Fourteenth Amendments are inapplicable. *Pepple v. Parkview Memorial Hosp., Inc.* (1987), Ind.App., 511 N.E.2d 467, 469 citing *Kiracofe v. Reid Memorial Hosp.* (1984), Ind.App., 461 N.E.2d 1134, 1139–40. "Once it is established that the hospital is indeed private, the role of the court is restricted to a determination that the institution complied with its by-laws." *Id.* at 468 citing *Kiracofe v. Reid Memorial Hosp.* (1984), Ind.App., 461 N.E.2d 1134, 1139; *Yarnell v. Sisters of St. Francis Hlth. Serv.* (1983), Ind.App., 446 N.E.2d 359, 361. The only relevant inquiry in this case therefore is whether the hospital complied with the notice provisions of its by-laws. In making such a determination, the test is one of substantial rather than strict compliance. *Terre Haute Regional Hosp., Inc. v. El–Issa* (1984), Ind.App., 470 N.E.2d 1371.

■ The hospital by-laws which were in effect at the time of the first hearing provided that the practitioner who requested the hearing was to be notified of its "scheduled place, time, and date." Friedman does not contend that the notice he received failed to inform him of that information. He merely contends that the notice failed to inform him of the charges that were the subject matter of the hearing. While the better practice would be for the notice to contain such information, the hospital by-laws did not require it. As the hospital substantially complied with its by-laws and as judicial review is limited to that determination, the trial court did not err in concluding that Friedman received adequate notice of the first hearing.

■ The by-laws in effect at the time of the second hearing provided:

The notice of hearing must contain a concise statement of the practitioner's alleged acts or omissions, a list by number of the specific or representative patient records in question and/or the other reasons or subject matter forming the basis for the adverse action which is the subject matter of the hearing.

The notice of the second hearing stated:

You are informed that the action of the Executive Committee was taken after review of the arthroscopy performed on [patient name] in Memorial Hospital and surgery on [patient name] at St. Joseph's Hospital. Testimony and medical records regarding these matters will be introduced in support of the action taken by the Executive Committee. Additional-

ly, confirmation of the Cleveland Clinic regarding the results of the [patient name] surgery will be introduced.

You are further advised that the action taken by the Executive Committee has been further substantiated by the results of the surgery of [patient name] performed in June of 1983. Testimony and medical records regarding this matter will also be introduced.

(III, Ex. 1–i). Friedman argues that the notice failed to comply with the by-laws because it did not list "by number" the specific or representative patient records in question. While we agree that the notice failed to strictly comply with the by-laws in this regard, the standard is one of substantial compliance. *Terre Haute Regional Hosp., Inc. v. El–Issa* (1984), Ind.App., 470 N.E.2d 1371. The notice in this case substantially complied with the hospital's by-laws. The letter containing this notice referred to a previous letter which listed Friedman's alleged acts and omissions as follows:

This action was taken because of new information received regarding the surgery performed on a patient at St. Joseph's Medical Center which was discussed at the time of the September 27, 1983 Ad Hoc Committee Hearing. The information received confirmed clinical loss of function of the sciatic nerve following surgical exploration of the site. The sciatic nerve was found to be severed with the ends of the nerve at least three (3) inches apart. This finding constitutes an unacceptable complication to the procedure performed.

On February 14, 1983, a left knee arthroscopy was performed on patient [patient name]. At the conclusion of the arthroscopy and release of the tourniquet, bright red blood appeared at the surgery site. The patient's left lower extremity and foot were pale and no dorsalis pedis or posterior tibial pulse were noted. A vascular consultant was called and an angiogram performed showing a complete obstruction of the popliteal artery. The patient then underwent a saphenous vein bypass. The injury to the popliteal artery is an unacceptable complication to arthroscopic surgery.

While the notice referred to the patient records by name rather than number, Friedman fails to show he was harmed by the deviation. During the six month period between the action taken by the executive committee in summarily reducing Friedman's surgical privileges and the hearing, Friedman did not request patient numbers. At the hearing, Friedman's attorney cross-examined other experts in regards to these patients and Friedman himself testified that he was familiar with one of the patients and had the record of another. Furthermore, no new sanctions were imposed upon Friedman as the result of the second hearing. His arthroscopy privileges were suspended after the first hearing and the only recommendation resulting from the second was that the suspension continue. Lastly, Friedman does not allege or argue that the Board, acting as a peer review committee, did not act in good faith when it suspended his arthroscopy privileges. The Board would be immune from liability for acts taken in good faith. IC 34–4–12.6–3 (Supp.1987), and good faith will be presumed. IC 34–4–12.6–1(f). Although we look to the evidence most favorable to the non-moving party when reviewing summary judgments, the party opposing the motion may not rest on his pleadings but must come forward with specific facts showing there is a genuine issue for trial. *Yoder v. Cromwell State Bank* (1985), Ind.App., 478 N.E.2d 131, 132. Friedman has failed to show that such an issue exists. Because the hospital substantially complied with its by-laws and Friedman failed to show a genuine issue existed for trial, the trial court properly granted summary judgment in favor of the hospital.

Affirmed.

STATON and ROBERTSON, JJ., concur.