**Isidore SHULMAN, Appellant,**

v.

**WASHINGTON HOSPITAL CENTER**
**et al., Appellees.**

**No. 18938.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 30, 1965.

Decided June 3, 1965.

Mr. Alan Y. Cole, Washington, D. C., with whom Mr. Isaac N. Groner, Washington, D. C., was on the brief, for appellant.

Mr. John L. Laskey, Washington, D. C., with whom Messrs. Thomas S. Jackson and Robert M. Gray, Washington, D. C., were on the brief for appellee, Washington Hospital Center and certain other appellees.

Mr. David N. Webster, Washington, D. C., was on the brief for appellee, Mattingly.

Mr. J. Joseph Barse, Washington, D. C., was on the brief for appellee, Abernethy.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and MC-GOWAN, Circuit Judge.

PER CURIAM.

Appellant is a practicing physician in the District of Columbia. From 1958 to 1962, he was a member of the courtesy staff at Washington Hospital Center, and thus had access to hospital "privileges" such as admission for his private patients and assistance of hospital staff and facilities in treatment of those patients. On January 10, 1963, appellant telephoned the Hospital to request admission for a patient and was told that he was no longer a member of the courtesy staff. On January 24, the Hospital formally notified appellant that "his courtesy staff privileges had not been renewed for 1963."

Appellant then protested that he had been removed from the staff without prior notice or hearing and without stated reasons. On March 28, the Hospital invited appellant to meet with the Medical Advisory Board, the committee which recommends staff membership to the Executive Committee of the Hospital Board of Trustees. Appellant declined this invitation on the ground that the committee had "prejudged [him] on two previous occasions and on neither occasion invited [him] to attend." In response, the Hospital reiterated its invitation. Appellant then brought suit in the District Court alleging that the Hospital's action was contrary to its bylaws and, in any event, that the Hospital is so heavily supported by public funds that its action is subject to constitutional standards [1] requiring notice, hearing and stated reasons, all of which were absent here. The District Court dismissed the suit on the grounds that the Hospital was a "private institution" and that the Hospital had violated no procedural requirements in its bylaws. This appeal followed.

In this court, the Hospital notes its reiterated invitation that appellant meet with the Medical Advisory Board, and state that its "reasons for excluding [appellant from the courtesy staff] * * are now, and have always been, available to Dr. Shulman were he to inquire of them outside the context of a lawsuit." [2] It is thus apparent that appellant had— and continues to have—access to administrative remedies in which he could question his exclusion from the staff. Because appellant failed to exhaust these remedies before bringing this action,[3]

1. Appellant relied on Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); Simkins v. Moses H. Cone Memorial Hospital, 323 F.2d 959 (4th Cir. 1963), cert. denied, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659 (1964); and Eaton v. Grubbs, 329 F.2d 710 (4th Cir. 1964).

2. Appellee's brief at p. 20.

3. If, after appellant's appearance, the Medical Advisory Board adheres to its prior recommendation, the subsequent administrative procedures applicable under Hospital bylaws are not clear. The bylaws provide that appointments to the medical staff are "made annually on a fixed date, for the year January 1 through December 31" (§ 4A) and that

we remand the case with instructions to dismiss without prejudice to further proceedings following exhaustion of remedies.

So ordered.

"the Board of Trustees may revoke the appointment of any member * * * after having referred the question to the Joint Conference Committee for investigation and report." (§ 4B). This Committee, consisting of the Hospital Administrator, three members of the Board of Trustees and three representatives from the Medical Staff, was not convened to consider appellant's removal. But the Hospital maintains that the revocation procedure is inapplicable since appellant's 1962 appointment had expired and thus the question is not revocation of an outstanding appointment but merely renewal of an expired one. The bylaws yield no clear answer. But if, for example, annual reappointment occurs as a matter of course, refusal to reappoint might be a "revocation" within the meaning of § 4B. The administrative practice in this regard is not, however, shown here.