**Jerome CANADY, M.D., Plaintiff,**

v.

**PROVIDENCE HOSPITAL,
et al., Defendants.**

Civ. A. No. 95–0580 (JR).

United States District Court,
District of Columbia.

Oct. 11, 1995.

---

Karen E. McDonald, Mundy, Holt & Mance, Washington, DC, for Plaintiff.

George T. Tyler, Ober, Kaler, Grimes & Shriver, Baltimore, MD, for Defendants.

### MEMORANDUM

ROBERTSON, District Judge.

Plaintiff is a surgeon who complains of the summary suspension of his staff privileges at Providence Hospital. He asserts claims under the Health Care Quality Improvement Act, 42 U.S.C. § 11101 *et seq.* ("HCQIA"), Sherman Act, 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961 *et seq.*, and D.C.Code § 32–1307. He also sues for breach of contract under the bylaws, rules,

and regulations governing the hospital's medical staff. On March 29, 1995, the Court denied plaintiff's application for a temporary restraining order and, on April 28, 1995, denied his motion for preliminary injunction. Now before the Court are defendants' motion to dismiss [# 20] and plaintiff's motion for leave to file a second amended complaint [# 31].

### 1. Failure to state a claim upon which relief may be granted

For the reasons stated below, I have concluded that plaintiff has failed to state a claim arising under the Constitution and laws of the United States, and I decline to exercise supplemental jurisdiction over plaintiff's remaining local law claims. 28 U.S.C. § 1367(c)(3).

#### a. HCQIA and due process claims

Plaintiff originally contended that Providence violated statutory and due process rights guaranteed to him by the HCQIA and the Fourteenth Amendment. He now concedes that the HCQIA provides him no private right of action, however, and his claim under that act must accordingly be dismissed. *See, e.g., Maxey v. Kadrovach,* 890 F.2d 73, 76 n. 2 (8th Cir.1989), *cert. denied,* 495 U.S. 933, 110 S.Ct. 2176, 109 L.Ed.2d 505 (1990); *Goldsmith v. Harding Hosp., Inc.,* 762 F.Supp. 187 (S.D.Ohio 1991).

■ Plaintiff's attempt to invoke the due process command of the Fourteenth Amendment does not succeed. It is undisputed that Providence Hospital is a private, non-profit hospital, not a government facility. The fact that the hospital accepts Hill–Burton federal funds, absent additional facts indicating the presence of governmental control, does not suffice to render the conduct of its staff and administration state action. *See Spark v. Catholic Univ. of America,* 510 F.2d 1277, 1281–82 (D.C.Cir.1975). Plaintiff has demonstrated no nexus between the requirements of the Hill–Burton Act, 42 U.S.C. § 291 *et seq.,* and the hospital's actions challenged here. A decision to restrict staff privileges does not constitute state action. *See Pinhas v. Summit Health, Ltd,* 894 F.2d 1024 (9th

Cir.1989), *aff'd on other grounds,* 500 U.S. 322, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991); *Crowder v. Conlan,* 740 F.2d 447, 450 (6th Cir.1984); *accord Mendez v. Belton,* 739 F.2d 15 (1984); *Madry v. Sorel,* 558 F.2d 303 (5th Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978); *Briscoe v. Bock,* 540 F.2d 392 (8th Cir.1976); *Barrett v. United Hospital,* 376 F.Supp. 791 (S.D.N.Y.), *aff'd without op.,* 506 F.2d 1395 (2d Cir.1974). Plaintiff's due process claim must accordingly be dismissed.

#### b. RICO

■ The complaint does not state a claim under the civil RICO statute. Plaintiff has not alleged violation of any of the predicate acts set forth in 18 U.S.C. § 1961(1) and thus cannot establish racketeering activity under the statute. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985). Nor has plaintiff alleged at least two predicate acts of racketeering activity that are related and pose a threat of continued criminal activity. He has consequently failed to plead the requisite pattern of racketeering activity. 18 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Plaintiff's RICO claim will be dismissed.

#### c. Sherman Act

■ Plaintiff has made no showing of a section 1 violation of the Sherman Act. He alleges that "defendants conspired among themselves in restraint of interstate commerce to exclude Plaintiff from the market of surgical services at Providence Hospital...." Defendants restricted and subsequently suspended plaintiff's staff privileges as part of their peer review responsibilities for Providence Hospital. Members of the medical staff serve as the hospital's agents when credentialing other physicians. *Oksanen v. Page Memorial Hosp.,* 945 F.2d 696, 702 (4th Cir.1991) (*en banc*). As such, they are legally indistinct from the hospital. Plaintiff has failed to allege, as he must, concerted action between at least two legally distinct persons or entities. *Id.* citing *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 104

S.Ct. 2731, 81 L.Ed.2d 628 (1984); *see Okusami v. Psychiatric Inst. of Washington, Inc.,* 959 F.2d 1062 (D.C.Cir.1992).

■ Plaintiff's allegations are, moreover, vague and conclusory. He has not pleaded facts sufficient to establish the existence of an antitrust conspiracy. *See Fuentes v. South Hills Cardiology,* 946 F.2d 196, 201 (3d Cir.1991). Nor has he alleged antitrust injury—the existence of a substantially adverse restraint on competition in the relevant market. *See Oksanen, supra,* 945 F.2d at 708; *Miller v. Indiana Hosp.,* 814 F.Supp. 1254, 1260 (W.D.Pa.1992). Plaintiff's Sherman Act claim will accordingly be dismissed.

#### 2. Failure to exhaust administrative remedies

■ It appears from the record that plaintiff filed suit before exhausting his administrative remedies. Plaintiff invoked his right to a hearing under the bylaws of Providence hospital, and a hearing was scheduled for May 26, 1995. The record does not reveal whether the hearing actually occurred or whether it affected the case *sub judice.* Had plaintiff exhausted the hospital's administrative process before filing suit, however, he might have obviated judicial involvement altogether. *Cf. Cutler v. Hayes,* 818 F.2d 879, 891 (D.C.Cir.1987). His failure to do so provides an alternative ground for dismissal. *See Shulman v. Washington Hosp. Center,* 348 F.2d 70, 71 (D.C.Cir.1965).

#### 3. Motion for leave to file a second amended complaint

Plaintiff has moved for leave to file a second amended complaint setting forth new claims and theories of relief. That motion must be denied because plaintiff's second amended complaint recites claims that have now been dismissed. Plaintiff will have to and including October 27, 1995, to file a *third* amended complaint that is consistent with the rulings set forth herein. Plaintiff is advised, however, that a third amended complaint will be subject to close scrutiny under Rule 11 of the Federal Rules of Civil Procedure. An appropriate order accompanies this memorandum.

## ORDER

For reasons stated in a memorandum issued today it is this 10th day of October 1995, **ORDERED:**

1. The motion of defendants to dismiss [# 20] is **granted.**

2. The motion of plaintiff for leave to file a second amended complaint [# 31] is **denied.**