### CASSANDRA AND ROBERT LOFTIS *v.* STATE OF INDIANA.

[No. 270S30. Filed May 14, 1971.]

*Donald D. Chiappetta,* of Muncie, for appellants.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

DeBRULER, J.—This is an appeal from a conviction in the Delaware Circuit Court. Appellants were charged with Cruelty to and Neglect of a Child. Trial was had by jury and the appellants were adjudged guilty. Appellants present two issues for review.

Appellants first allege that the trial court erred in giving Preliminary Instruction No. 11, and in re-reading the instruction as part of the final instructions. The instruction in question reads as follows:

"If you believe that all the essential elements of the crime charged have been proved beyond a reasonable doubt, you should convict the defendants."

Appellants allege that this instruction is erroneous in that it is violative of Art. 1, § 19 of the Indiana Constitution which reads as follows:

"In all criminal cases the jury shall be the judge of the law as well as the facts."

Appellants contend that the instruction in question is mandatory and as such usurps the province of the jury to determine the law as well as the facts.

Our attention is drawn to a line of Indiana cases beginning with *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E. 157. In that case this Court upheld the giving of an instruction which contained the following:

> "But if after a careful consideration of the law and the evidence in the case, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should return your verdict accordingly. Duty demands it, and the law requires it. . . ." 147 Ind. at 385.

Similarly, in *McCaughey* v. *State* (1901), 156 Ind. 41, 59 N. E. 169, the trial court instructed the jury that if they found all the material allegations of the indictment had been proved, beyond a reasonable doubt, to find the defendant guilty. There we said:

> "The court had, before giving such instructions, properly stated to the jury the material allegations of the indictment, which the State was required to establish beyond a reasonable doubt, before a verdict of guilty could be returned. The jury was also instructed that they had the right to determine the law. There was no error in giving the instruction complained of. *Reynolds* v. *State,* 147 Ind. 3; *Bridgewater* v. *State,* 153 Ind. 560, and cases cited; *Anderson* v. *State,* 104 Ind. 467." 156 Ind. at 44.

Similar holdings on similar instructions are found in a long line of Indiana cases. See *Bowman* v. *State* (1934), 207 Ind. 358, 192 N. E. 755; *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Blocher* v. *State* (1912), 177 Ind. 356, 98 N. E. 118; *Bloom* v. *State* (1900), 155 Ind. 292, 58 N. E. 81.

Thus, the principle is established that a trial court may instruct the jury that if they find that all the material allegations of the indictment or affidavit are proven beyond a reasonable doubt that they "should" convict the defendants. However, such an instruction would be erroneous

where the court failed to set forth all the material allegations which the State must prove before a conviction can be obtained or where the court failed to instruct the jury that they were the judges of the law as well as the facts.

In the case at bar the trial court having instructed the jury that they were the judges of law as well as fact and having also set forth the allegations which the State was required to prove, did not commit error by giving the instruction complained.

The appellants direct our attention to the case of *Pritchard* v. *State* (1967), 248 Ind. 566, 230 N. E. 2d 416. In that case the appellant was charged with second degree murder. The trial court gave the following instruction:

"The Court now instructs you that if you should find that Margaret Pritchard or Ralph Pritchard or either one of them were guilty of cruelty or neglect of Kathy Jean Pritchard and that as a result of such cruelty or neglect beyond a reasonable doubt Kathy Jean Pritchard did sicken, languish and die, then you shall find such defendant guilty of involuntary manslaughter." 248 Ind. at 568.

We held that instruction to be reversible error in that it was a mandatory instruction which would, in fact, bind the minds and conscience of the jury to return a verdict of guilty upon finding of certain facts, hence invading the constitutional province of the jury.

We do not believe the *Pritchard* case applies to the case at bar for the following reasons:

(1) In *Pritchard* the court uses the word "shall" which in that context would logically lead to an interpretation that a conviction is mandatory. In the case at bar the court uses the word "should" which we believe is not so conclusive as to preclude the jury from an alternative course especially where they have been instructed that they are the judges of the law as well as the facts.

(2) In *Pritchard* the appellants were indicted for second degree murder. The erroneous instruction informs the jury

that if they found the appellants guilty of cruelty or neglect of the child and as a result thereof the child died then the jury "shall" find the defendants guilty of involuntary manslaughter. The instruction then directed the jury to a finding of guilt of a lessor included offense of the one charged based on a finding of guilt of an offense not charged and for which the defendant could not have been found guilty.

(3) In *Pritchard* the erroneous instruction does not tell the jury that they should convict if all the material allegations of the indictment are proven but rather has the effect of directing a verdict if certain testimony is believed.

We hold, therefore, that the instruction complained of in the case at bar was properly given. The instruction is not defective because the material allegations of the indictment ██ or affidavit are not given within the instruction. It is sufficient here that allegations were set forth in a separate instruction in the charge to the jury. Instructions are not to be considered separately nor a distinct and independent proposition of law each complete in itself, but they must be considered as a whole. *Rariden* v. *State* (1961), 242 Ind. 689, 177 N. E. 2d 736.

Appellants next allege that the trial court erred in admitting, over appellants' objection, State's Exhibit No. 7, a photograph of the child in question. Appellants attack the admission of this photograph on the grounds that:

1. it was not material or relevant to any issue;

2. the witness could not identify the picture as being a fair and accurate representation of the way the child appeared on the day he was delivered to the appellants;

3. it was not proper rebuttal evidence.

The photograph was admitted during the rebuttal testimony of Mrs. Maxine Lyons, a witness for the State. Mrs. Lyons was a foster parent in whose care the child had been for a period of three years prior to being returned to the custody of the appellants. It was the State's contention that the child

was cruelly mistreated and neglected by appellants after having been returned to their custody.

During the State's case-in-chief other evidence and photographs were properly admitted which depicted the physical condition of the child as described by Dr. Jack Alexander, who examined the child approximately fourteen months after the child was placed in the custody of the appellants and one day prior to the date of the charging affidavit. These other photographs and the doctor's testimony showed that the boy's mouth was badly chewed, ulcerated and infected. The appellants' witnesses, Dale and Barbara Terry, testified to the effect that this condition existed so long as they had known the boy which was some short time after his being placed in the custody of the appellants. At issue then, was whether this condition existed prior to the appellants' custody. On rebuttal, Mrs. Lyons testified that during the three year period just prior to the appellants' custody the child was in her care as a foster parent and during this period the child's physical condition including the mouth was normal. The photograph was admitted in evidence to assist the jury to visualize that which the witness was describing orally. As such it was admissible. *Randolph* v. *State* (1965), 234 Ind. 57, 122 N. E. 2d 860.

Affirmed.

Hunter and Prentice, JJ., concur; Arterburn, C.J. and Givan, J., concur in result.

NOTE.—Reported in 269 N. E. 2d 746.