Charles L. INMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1178S279.

Supreme Court of Indiana.

Sept. 7, 1979.

E. Edward Dunsmore, Knightstown, R. Clark Allen, New Castle, for appellant.

Theo. L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of criminal confinement, resisting a law enforcement officer, theft and criminal mischief. He was sentenced to a total of 18 years to be served consecutively.

The record discloses the following facts: On April 23, 1978, Indiana State Police Officer Robert Cooley was patrolling on State Road # 3, south of New Castle, Indiana. He observed and clocked a vehicle that was travelling in excess of 88 miles per hour. Cooley pursued the vehicle to the Holiday Inn parking lot south of New Castle. There he observed the driver of the car jump out and reenter at the left rear seat position. A passenger in the right front seat slid over under the steering wheel. Officer Cooley walked toward the car and asked the driver, who was then seated in the left rear of the car, for his driver's license. This person was later identified as

the appellant Charles L. Inman. The officer informed Inman that he was under arrest on the charge of speeding. Inman insisted he was not the driver of the car and refused to go to the police cruiser to receive a traffic ticket.

A physical altercation then took place between Officer Cooley and the appellant, resulting in the appellant taking the officer's revolver and aiming it at the officer. The appellant then proceeded to disable the police radio and shot a hole in the right front tire of the police car. Inman and his companions then left the scene in their car with the appellant again behind the wheel. A police chase ended when appellant ran his car off the road and was apprehended. Officer Cooley's revolver was recovered from Inman's car following the chase.

The appellant first alleges the trial court erred in issuing an order in limine preventing the appellant or prosecutor from making any statements, references, arguments, asking any questions either on voir dire or of witnesses or in final argument pertaining to penalties or to seek or elicit any evidence with regard to penalty. In objecting to this procedure, the appellant argued that to require the jury to render a verdict without any knowledge of penalty is violative of the appellant's constitutional right to have the jury determine the law and the facts in the case. Indiana Constitution, Article I, Sec. 19.

Appellant also claims the trial court erred in refusing to give the jury his tendered instructions numbered 1–4, which are sentencing and penalty statutes. IC § 35–4.1–4–7; IC § 35–50–1–2; IC § 35–50–2–5; and IC § 35–50–2–7 [Burns 1979]. Because both allegations are supported with the same argument, we will consider them together.

■ A motion in limine is used before trial as a protective order against prejudicial questions and statements which might arise during trial. *Burrus v. Silhavy* (1973) 155 Ind.App. 558, 293 N.E.2d 794. The purpose of the motion is to keep potentially prejudicial information from being presented to the jury until the trial court has ruled upon its admissibility during the trial. *La-*

*genour v. State* (1978) Ind., 376 N.E.2d 475. An order in limine is discretionary, arising from the court's inherent power to admit and exclude evidence. *Burrus, supra.* Furthermore, the motion does not need to describe the anticipated prejudice sought to be prevented. *Crosson v. State* (1978) Ind., 376 N.E.2d 1136.

In this case the trial court found that an order preventing mention of penalties should issue because the court had sole authority to sentence and fix penalties and because the jury had no duty or responsibility in the matter. The basis of the court's holding is IC § 35–50–1–1 which states: "The court shall fix the penalty of and sentence a person convicted of an offense."

■ Appellant is correct in his contention that it is proper for counsel to argue both the law and the facts in a criminal case. *Horn v. State* (1978) Ind.App., 376 N.E.2d 512. However, comments regarding penalties and parole have been held to be reversible error. In ruling that a prosecutor's remarks about parole during final argument were the basis for reversible error, this Court stated in *Rowe v. State* (1968) 250 Ind. 547, 553–4, 237 N.E.2d 576, 579:

"Punishment is not an element of said crimes and when punishment is not to be imposed by the jury it is not a matter to be placed before the jury by the State for consideration. If the material elements of a criminal violation are proved beyond a reasonable doubt and such is found by the jury they should find the accused guilty of the crime as charged or a lesser included offense. . . .

   \*     \*     \*     \*     \*     \*

"In this case the collateral issue sought to be placed before the jury by the prosecuting attorney was improperly interjected for the reason that the *statute fixes the sentence which is applied by the judgment of the trial court after a proper finding of guilty by the jury.*" (our emphasis.)

Penalties should not be placed before the jury for consideration unless the punishment is to be determined by the jury. *Wil-*

*son v. State* (1976) Ind.App., 346 N.E.2d 279. In *Wilson* the trial court erroneously instructed the jury to consider that the defendant would receive credit for time served for his conviction.

In *Feggins v. State* (1977) 265 Ind. 674, 359 N.E.2d 517, this Court held that is was error for the trial court to instruct and for counsel to argue the issue of parole. In that case this Court set forth a remedial instruction to give when a juror inquires about parole. The instruction informs the jury that the State is authorized to confine the defendant for the duration of the sentence, that there are various devices to reduce the sentence and that parole is not for the jury's consideration. The question of parole was similarly raised by a juror on voir dire in *Oricks v. State* (1978) Ind., 377 N.E.2d 1376. This Court did not find reversible error in that case because the trial court admonished the jury to avoid consideration of parole and focus on the issue of guilt based upon the evidence. It was also held the trial court did not err in refusing to give instructions regarding possible parole in *Baum v. State* (1978) Ind., 379 N.E.2d 437. This Court has consistently held that penalties or reductions of sentences are not an appropriate consideration for the jury for the reason that such information may influence the jury's determination of guilt based on the evidence. *Feggins, supra,* 265 Ind. at 683, 359 N.E.2d at 523; *Wilson, supra,* 346 N.E.2d at 281.

■ Therefore, we hold the trial court did not err in its order in limine or in its refusal to give appellant's tendered instructions numbered 1 through 4.

■ Appellant argues the trial court erred in giving final instruction numbered 10 over defense objection. Instruction 10 reads:

"The offense of criminal confinement, as charged in Count III of the information, consisted of substantially interfering with the liberty of a person without his consent. The gist of the offense is the actual and unlawful restraint or detention of one person by another against the will of the person so restrained or detained. The detention or restraint must be willful and against the consent of the person detained or restrained, and by some conduct which prevents him from moving from one place to another.

"It is essential that there be some restraint of the person, but it is not necessary that there be confinement in a jail or prison, or any particular place. Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty or is compelled to remain, or to go where he does not wish to go, is a confinement. It is for you, the jury, to determine from the evidence, whether or not the defendant substantially interfered with the liberty of Trooper Robert Cooley without consent, in the manner charged in Count III of the information, in such a manner as to constitute criminal confinement, keeping in mind that in order to convict the defendant of the offense of criminal confinement, you must find that all the material elements of the offense have been proven by the evidence beyond a reasonable doubt. (*35 C.J.S. False Imprisonment sec. 71, pp. 784–785*) (*People v. Zilbauer (1955) 44 Cal.2d 43, 279 P.2d 534, 539.*)"

Appellant argues that the use of a 1955 California case and the encyclopedia citation to define the term "confine," in addition to the statutory definition, presented a mandatory instruction in violation of the Indiana Constitution, Article I, Sec. 19. We do not find Instruction numbered 10 to be mandatory.

In *Pritchard v. State* (1967) 248 Ind. 566, 230 N.E.2d 416, we held that a judge who gives the jury binding, specific and mandatory instructions on facts and law in criminal cases commits error. That decision has been refined by *Loftis v. State* (1971) 256 Ind. 417, 269 N.E.2d 746. In that case we stated:

"Thus, the principle is established that a trial court may instruct the jury that if they find that all the material allegations of the indictment or affidavit are proven beyond a reasonable doubt that they

'should' convict the defendants. However, such an instruction would be erroneous where the court failed to set forth all the material allegations which the State must prove before a conviction can be obtained or where the court failed to instruct the jury that they were the judges of the law as well as the facts." 269 N.E.2d at 747.

In the case at bar, the trial court instructed the jury in both alternatives. When read together, Instruction numbered 10 is not phrased in mandatory terms that bind the jury to one course of action or definition. Nor do we find error in giving the definition in Instruction numbered 10. It is the province of the trial court to explain the law to the jury. *Burris v. State* (1941) 218 Ind. 601, 34 N.E.2d 928. The courts have previously allowed definitions of terms as part of the instruction to the jury, including contributory negligence in *Stull v. Davidson* (1955) 125 Ind.App. 565, 127 N.E.2d 130, "reckless disregard of the rights of others" in *Armstrong v. Binzer* (1936) 102 Ind.App. 497, 199 N.E. 863 and "torment, vex, afflict and unnecessary" in *Hunter v. State* (1977) Ind.App., 360 N.E.2d 588. In *Hunter, supra*, the Court of Appeals held that the giving of an instruction to define a term was within the discretion of the trial court to dispel any confusion which may exist as to its meaning. We believe that the court did not err in giving Instruction numbered 10.

Appellant next claims the court imposed excessive sentences. He first argues that the offense of confinement and resisting law enforcement are virtually the same offense under the facts of this case, namely holding Officer Cooley at gunpoint. Consequently, sentence for both offenses violate the constitutional provision against double jeopardy. This Court has held:

"The focus of a proper double jeopardy analysis must be whether or not the offenses to be prosecuted and punished are the same, and not whether the offenses spring from the same act or operative circumstances. . . . The ultimate focus is on the identity of the offenses,

not on the identity of their source." *Elmore v. State* (1978) Ind., 382 N.E.2d 893, 897.

We therefore turn our attention to the elements of the offenses to determine if they are the same for the purposes of double jeopardy.

The United States Supreme Court, in *Blockburger v. U. S.* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, developed a test to make such a determination, which we adopted in *Elmore, supra*. The essence of the test is whether each provision requires proof of an additional fact which the other does not. If the test is satisfied, double jeopardy provisions are not violated, even if there is a substantial overlap in the evidence to prove both offenses. *Iannelli v. U. S.* (1975) 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616.

■ Applying the test to IC § 35–42–3–1 [Burns 1979], defining criminal confinement and IC § 35–44–3–3 [Burns 1979], defining resisting law enforcement, we find that each offense requires proof that the other does not. Criminal confinement requires proof of a nonconsensual interference with a person's liberty, while resisting law enforcement requires proof of resisting, obstructing or interfering with a police officer lawfully executing his duties. Although there is a substantial overlap in the proof offered to establish both offenses, in the case at bar, specifically holding Officer Cooley at gunpoint, the crimes are not the same. Appellant's actions in this case clearly violated both statutes. There is no question but what the appellant resisted, obstructed and interfered with Officer Cooley in the execution of his duties. However, he went beyond this and required Officer Cooley to remain at a designated place under the threat of taking his life. Therefore, sentences for both criminal confinement and resisting law enforcement are not violative of the constitutional provisions against double jeopardy. The trial court did not err in sentencing the appellant for both crimes.

■ Appellant also claims the sentencing is violative of State and Federal constitutional provisions against excessive fines

and punishment. The trial court relied on two provisions of the Criminal Code in sentencing the appellant. IC § 35–4.1–4–7 [Burns 1979], states in part:

"(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment."

IC § 35–50–1–2 [Burns 1979] states:

"(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

"(b) If a person commits a crime:

"(1) after having been arrested for another crime; and

"(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;

"the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

Appellant claims the consideration of certain factors listed in IC § 35–4.1–4–7 [Burns 1979], to increase the standard penalties provided in the case at bar, as well as impose consecutive sentences, is error. We disagree.

We do not interpret the statutory language to mean that the alternatives are mutually exclusive. The court may, upon consideration of relevant facts and information, increase the standard penalties, impose consecutive sentences or both. Furthermore, IC § 35–50–1–2 [Burns 1979], places the determination of whether sentences are to be served concurrently or consecutively in the discretion of the trial court, excepting (b).

■ Nor do we find that the punishment is so excessive as to be violative of the provisions under the Eighth and Fourteenth Amendments. This Court held in *Gingerich v. State* (1948) 226 Ind. 678, 83 N.E.2d 47, that the Constitutional prohibition against cruel and unusual punishment is a limitation upon the acts of the General Assembly and not upon the discretion of a trial court acting within the framework of a statute imposing penalties for the offense. Generally these prohibitions are proscriptions of punishments that are atrocities or obsolete, aimed at form rather than the duration, *Hollars v. State* (1972) 259 Ind. 229, 286 N.E.2d 166, or excessive in relation to the crime committed. *Coker v. Georgia* (1977) 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982. If a punishment (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than purposeless and needless imposition of pain and suffering or (2) is grossly disproportionate to the severity of the crime, it is excessive and unconstitutional. *Gregg v. Georgia* (1976) 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859, quoted in *Hawkins v. State* (1978) Ind., 378 N.E.2d 819, 821.

■ The appellant's sentence of eighteen years imprisonment for convictions of criminal confinement, resisting law enforcement, theft and criminal mischief, is neither atrocious nor excessive punishment in relation to the crimes he committed.

■ Appellant claims the evidence was insufficient to support the conviction of criminal confinement. In reviewing the sufficiency of the evidence we do not weigh the evidence nor judge credibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is evidence of probative value to support the verdict beyond reasonable doubt, we will sustain the conviction. *Pulliam v. State* (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson v. State* (1976) 264 Ind. 334, 343 N.E.2d 776.

■ The evidence most favorable to the State on this point is Officer Cooley's testimony. He stated that for a short time he was confined at gunpoint by the appellant in an area near the rear of his police cruiser. The officer also stated that when he tried to gradually move away from the appellant and get into his car, the appellant ordered him not to take another step or "He would blow my head off."

From this evidence the jury could find beyond a reasonable doubt that the appellant substantially interfered with Cooley's liberty without his consent. Therefore, we will not disturb the verdict.

The trial court, on all issues, is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.