Richard L. WHITE, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 28A05–9512–PC–491.

Court of Appeals of Indiana.

Dec. 17, 1996.

Rehearing Denied Feb. 12, 1997.

Transfer Denied April 23, 1997.

Susan K. Carpenter, Public Defender of Indiana, Anne–Marie Alward, Deputy Public Defender, Indianapolis, for appellant–petitioner.

Pamela Carter, Attorney General of Indiana, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for appellee–respondent.

## OPINION

SHARPNACK, Chief Judge.

Richard White appeals the denial of his petition for post-conviction relief. He raises two issues for our review, which we consolidate to whether the trial court erroneously instructed the jury about White's voluntary intoxication defense.[1] We reverse the post-conviction relief court and remand with instructions to grant White's petition.

The facts most favorable to the denial follow. On May 6, 1985, the State charged White with murder. During the trial, White raised the defense of voluntary intoxication. On October 10, 1985, the jury found White guilty as charged, and the trial court later sentenced him to fifty years. His conviction and sentence were affirmed by this court on direct appeal. *White v. State,* 541 N.E.2d 541, 544–545 (Ind.Ct.App.1989), *trans. denied.*

In 1991, White filed a *pro se* petition for post-conviction relief, which was amended by counsel in 1995. In the amended petition, White challenged the voluntary intoxication instructions on the basis that they "mandat[ed] a finding of specific facts as a prerequisite to a finding of voluntary intoxication amounting to a defense." Record, pp. 34–35. Following a hearing, the post-conviction court denied the petition. White now appeals the denial of his petition.

At the outset, we address our standard of review for the denial of a petition for post-conviction relief. White has the burden of establishing the grounds for relief by a preponderance of the evidence. *See* Ind. Post-conviction Rule 1, § 5; *Grey v. State,* 553 N.E.2d 1196, 1197 (Ind.1990), *reh'g denied.* To prevail, White must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Wickliffe v. State,* 523 N.E.2d 1385, 1386 (Ind.1988). When reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied.* The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id.*

Turning to the merits of White's appeal, we must determine whether the trial court erroneously instructed the jury about the defense of voluntary intoxication. Initially, we note that White did not object to the instructions at trial, and the issue was found waived on appeal. However, White alleges in his petition for post-conviction relief that the error was fundamental.

A claim of fundamental error may be raised in a post-conviction petition even if the issue was waived in the direct appeal. *McCraney v. State,* 508 N.E.2d 798, 799 (Ind. 1987). "Fundamental error" is an error so blatant as to render the trial unfair to the defendant and, thereby, deprive the defen-

---

1. White also contends that his trial counsel was ineffective for failing to object to the instructions and that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness. However, given our reversal on the basis that the instruction was fundamentally erroneous, we need not address White's claim.

dant of fundamental due process. *Townsend v. State,* 632 N.E.2d 727, 730 (Ind.1994). To justify reversal in a case where an erroneous jury instruction was given, the error must be of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Hill v. State,* 615 N.E.2d 97, 99 (Ind.1993); *Holliday v. State,* 601 N.E.2d 385, 389 (Ind.Ct.App.1992), *trans. denied.*

In this case, the trial court gave two instructions concerning voluntary intoxication. First, the trial court instructed that:

> "Voluntary Intoxication is a defense only to the extent that it negates specific intent. Voluntary Intoxication does not excuse the offense; but intoxication may be so extreme that a person is incapable of forming or entertaining a specific intent. However, *the evidence must show that a defendant was incapable of performing acts which require a significant degree of physical or intellectual skills before a trier of fact is justified in finding that he was not responsible for his actions because of his intoxication.*
>
> The State has the burden of disproving this defense beyond a reasonable doubt."

Trial Record, p. 106 (emphasis added). The trial court also instructed the jury that, "[t]he word 'intoxication' means a condition which results in a person's normal faculties, either or perception, of physical ability, or of judgment, being impaired so that he no longer has the capacity to form or entertain a specific intent." Trial Record, p. 107. White's arguments focus on the first instruction. He contends that this instruction was erroneous because "a reasonable jury could have interpreted the language of the instruction as a direction by the court to find intent once convinced of certain facts outlined in the instruction...." Appellant's brief, p. 13.[2]

■ Article I, § 19 of the Indiana Constitution states that, "[i]n all criminal cases whatever, the jury shall have the right to determine the law and the facts." IND. CONST. art. I, § 19. Our supreme court has

interpreted this provision to forbid an instruction that binds the conscience of the jury to a finding of guilty if it finds certain facts. *Pritchard v. State,* 248 Ind. 566, 230 N.E.2d 416 (1967). In *Pritchard,* the defendant challenged the following instruction:

> "The Court now instructs you that if you should find that [the defendant was] guilty of cruelty or neglect of [the victim] and that as a result of such cruelty or neglect beyond a reasonable doubt [the victim] did *sicken, languish and die,* then you shall find such defendant guilty of involuntary manslaughter."

*Id.* at 568, 230 N.E.2d at 417 (emphasis added). In finding this language to be erroneous, the supreme court held that a mandatory instruction that binds the minds and consciences of the jury to return a verdict of guilty upon finding certain facts, clearly invades the constitutional province of the jury. *Id.* at 575, 230 N.E.2d at 421.

The State relies primarily on two cases in support of its position that the instruction did not contravene the holding in *Pritchard.* First, in *Loftis v. State,* the jury was instructed that it "should" convict the defendant if it believed that all of the essential elements of the charged crime were proven beyond a reasonable doubt. *Loftis v. State,* 256 Ind. 417, 418, 269 N.E.2d 746, 747 (1971). The supreme court held that the instruction did not violate the analysis in *Pritchard* because the jury was also instructed that it was the judge of the law and that the State was required to prove the material elements of the offense beyond a reasonable doubt. *Id.* at 420, 269 N.E.2d at 747.

Second, the State relies on *Taylor v. State,* 420 N.E.2d 1231, 1236 (Ind.1981), a case in which the defendant challenged the following instruction:

> "You much [sic] first determine the guilt or innocence of the defendant, and if you have reasonable doubt as to guilt of the crime charged, or any offense included thereunder, then you must find the defendant not guilty.
>
> However, *if you find that the State has proven beyond a reasonable doubt the material allegations of the charge against the*

---

2. White also contends that the challenged language in the instruction impermissibly shifted the burden of proof on the element of intent to him, thus relieving the State of its burden to prove each element beyond a reasonable doubt. However, in light of our conclusion that the instruction is erroneous, we need not also discuss whether the instruction shifted the burden.

*Defendant, or of any of the offenses included thereunder, then you must find the Defendant guilty . . . ."*

*Id.* at 1236 (emphasis added). On appeal, Taylor asserted that the mandatory language of the instruction constituted fundamental error. In rejecting this claim, the supreme court stated:

"The text of this instruction places it somewhere between the condemned instruction considered in *Pritchard v. State* (1967) 248 Ind. 566, 230 N.E.2d 416, which improperly mandated the jurors to return a verdict of guilty if they determined certain specifically mentioned facts, and one which might simply (and in all likelihood properly) state that if the jury has a reasonable doubt of guilt it must acquit, but that if it has no such reasonable doubt it must convict. This instruction is more general and abstract than the one in *Pritchard*, insofar as it refers to a determination of 'the material allegation of the charge', rather than to a factual allegation as specified by the erroneous instruction in *Pritchard*, that the victim 'did sicken, languish and die . . . .' "

*Id.* at 1236. Therefore, the court distinguished and limited the holding in *Pritchard* by concluding that "the instruction's particular text and use within the confines of this case" precluded a finding of fundamental error. *Id.*

Contrary to the State's contention, we find *Loftis* and *Taylor* to be distinguishable from the case before us. Unlike the challenged instruction here, the instructions in those cases stated that the jury "must" or "should" convict the defendant if the State proved the "material allegations" of the charge. Thus, the instructions did not require the jury to make a specific factual finding before accepting the defense, but rather only generally required that the jury convict if the State had proved each element of the crime.

By contrast, the instruction given here stated in part that, "the evidence must show that a defendant was incapable of performing acts which require a significant degree of physical or intellectual skills before a trier of fact is justified in finding that he was not responsible for his actions because of his intoxication." Trial Record, p. 106. This language required the jury to find specific

facts before it could accept the voluntary intoxication defense. In other words, the instruction required the jury to convict if it did not make the factual finding that White was incapable of performing acts which require a significant degree of physical or intellectual skills. Therefore, because the instruction was mandatory and "[bound] the minds and consciences of the jury to return a verdict of guilty upon finding certain facts, [it] clearly invades the constitutional province of the jury." *Pritchard*, 248 Ind. at 575, 230 N.E.2d at 421.

In addition, the facts which the jury was impermissibly required to find are also problematic. *See id.* The instruction mandated that the jury find that defendant was "incapable of performing acts which require a significant degree of physical or intellectual skills" before it could find White not responsible for his actions because of intoxication. Trial Record, p. 106. This language amounts to establishing a minimum degree of intoxication that the jury had to find before it was permitted to accept the defense. However, the degree of intoxication is a question of fact to be decided by the trier of fact in resolving the question of whether the defendant was so intoxicated as to render him incapable of forming the required intent. *Mattingly v. State*, 236 Ind. 632, 636, 142 N.E.2d 607, 609 (1957); *Anderson v. State*, 177 Ind.App. 603, 604, 380 N.E.2d 606, 608 (1978). Consequently, the instruction improperly required a certain degree of intoxication be proven before the jury could accept the defense and, as a result, invaded the province of the jury. Therefore, we find that the voluntary intoxication instruction violated Art. I, § 19 of the Indiana Constitution and was erroneous.

■ An error in giving a jury instruction is subject to a harmless error analysis. *Moore v. State*, 649 N.E.2d 686, 689 (Ind.Ct. App.1995), *trans. denied; Coleman v. State*, 630 N.E.2d 1376, 1378 (Ind.Ct.App.1994), *trans. denied.* The error does not require reversal if the conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Channell v. State*, 658 N.E.2d 925, 931 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* The court must review the record in its entirety to determine whether, based upon the evidence presented, an honest and fair-minded jury would have

rendered a guilty verdict absent the use of the erroneous instruction. *Moore*, 649 N.E.2d at 689.

■ Here, the record contains considerable evidence that White had consumed significant amounts of alcohol throughout the day and evening of the shooting. The waitress at the bar testified that she served White four drinks before the shooting. Witnesses testified that his eyes were glassy and that his speech was slightly slurred. In addition, witnesses testified that White was dry heaving in jail after the shooting and that medical personnel were called for him. A breathalyzer test administered four hours after the shooting revealed a blood alcohol content of .16%.

Considering this evidence, we conclude that the jury could have found White not guilty based on the intoxication defense had the erroneous instruction not been given even in light of the substantial evidence that White was not intoxicated to the extent that he could not form the necessary intent. *See Channell*, 658 N.E.2d at 931. As a result, we cannot say with complete confidence that had the instruction not contained the impermissible minimum degree of intoxication that the jury had to find before accepting the defense, "an honest and fair-minded jury would have rendered a guilty verdict." *Moore*, 649 N.E.2d at 689. Therefore, the error is not harmless.

For the foregoing reasons, we reverse and remand with instructions to grant White's petition for post-conviction relief.

REVERSED AND REMANDED WITH INSTRUCTIONS.

BARTEAU and HOFFMAN, JJ., concur.