ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Lorraine L. Rodts
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Christopher C.T. Stephen
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 35S04-0406-CR-00275

JASON E. BRIDGES,                  *Appellant (Defendant below),*

v.

STATE OF INDIANA,                 *Appellee (Plaintiff below).*

Appeal from the Huntington Circuit Court, No. 35C01-0210-FB-55
The Honorable Mark A. McIntosh, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 35A04-0308-CR-400

**October 12, 2005**

**Dickson, Justice.**

The defendant, Jason E. Bridges, seeks reversal of his conviction for aiding in armed robbery. The Court of Appeals affirmed in part and remanded in part, rejecting the defendant's claims challenging the trial court's application of the *corpus delicti* rule and the trial court's instructions regarding (a) the jury's right to decide both the law and the facts and (b) accomplice liability. While affirming the defendant's conviction, the Court of Appeals, in a memorandum decision, found the sentencing statement to be inadequate and remanded to the trial court with instructions. We granted the defendant's petition for transfer, 812 N.E.2d 807 (Ind. 2004), to address the jury instruction issues. But as to all other issues, we now summarily affirm. Indiana

Appellate Rule 58(A)(2).

The defendant contends that the trial court erred by failing to include among the final instructions his tendered instruction, drawing upon Article I, Section 19, of the Indiana Constitution, informing the jury that they have the right to decide both the law and the facts. Citing Warren v. State, 725 N.E.2d 828 (Ind. 2000), and other cases, he argues that the value in instructing the jury of its role as finder of fact and law is not limited to preliminary instructions.

In Warren we required that the jurors be given the Section 19 instruction in the habitual offender phase of a trial even though it had also been read to them as a final instruction in the guilt phase. *Id.* at 837. We emphasized that Section 19 is "firmly engrained as a fundamental principle in Indiana's constitutional law." *Id.* (quoting Parker v. State, 698 N.E.2d 737, 743 (Ind. 1991)). There is no sound basis for distinguishing between the right to seek a Section 19 instruction during a habitual offender phase and the right to seek it during final instructions of a guilt phase. A defendant is entitled to have a proper Section 19 instruction presented to the jury in both preliminary and final instructions. The elapsed time between the guilt and habitual offender phases of the trial in Warren was two days, and we held it to be reversible error for the trial court to refuse the request. Warren, 725 N.E.2d at 837.

The present case, however, presents significant differences. On the first day of the two-day trial, after lunch break, the court read to the jury the preliminary instructions, one of the first of which was the defendant's tendered Section 19 instruction.[1] Trans. at 121-22. The evidence concluded about noon the following day, and court reconvened at 2:30 p.m. for final arguments and instructions. The defendant specifically requested that the Section 19 instruction be included in the final instructions, and the trial court ruled that it would re-read the preliminary instructions without exception and would also give twenty-one other instructions on its own motion. Appellant's App'x. at 182. The transcript, however, discloses that the Section 19 instruction was not

---

[1] During the preliminary jury instructions, the Section 19 instruction was read immediately after the general instruction informing the jurors of the probable length of trial, their duties during lunch and other periods of separation, their obligation to avoid reading or listening to any reports of the court proceedings, and their need to keep an open mind until they heard all the evidence. Immediately following the Section 19 instruction, the next instruction read to the jury advised them, "You are to consider all of the instructions as a whole . . . ." Trans. at 120-122.

re-read along with the remainder of the preliminary instructions. *Compare* Trans. 121-121 (preliminary instructions) *with* Trans. 509-10 (final instructions).[2] On the other hand, the Section 19 instruction was provided in writing to the jurors for use during their deliberations. The preliminary instructions were included in the notebooks provided to each juror by the trial court for use during the trial and deliberations. Trans. at 95, 120.[3]

Although the trial court incorrectly failed to read the Section 19 instruction among the other final instructions, it is very significant that this instruction was given to the jurors both orally and in writing among the preliminary instructions only a day before, and also provided to them in written form for use during deliberations. Under these circumstances, we find that the trial court's omission of the Section 19 instruction when it re-read its preliminary instructions among the final instructions does not warrant reversal.

The defendant also contends that the trial court gave an erroneous instruction regarding accomplice liability. On appeal, he argues that the instruction "singled out [his] failure to oppose the crime, his companionship with the actual perpetrators, and his conduct before and after as circumstances warranting" jury consideration. Br. of Appellant at 29. He also urges that such circumstances "may never suffice to establish accomplice liability in the absence of proof of affirmative conduct to assist in the crime's commission." *Id.* The Court of Appeals rejected this

---

[2] In reading its final instructions, the trial court began with "You are to consider all of the instructions as a whole . . .," apparently skipping over the Section 19 instruction along with the preliminary instruction that generally described the jurors duties during the trial. Trans. at 509.

[3] We reach this conclusion from the following comments by the trial judge to the jurors at the commencement of the trial:

> [At commencement of trial] I'm going to read quite detailed instructions to you, covering those points that you're talking about, and you will have a copy for yourself. Each juror will receive a copy, a notebook full of instructions that I will read to you, in addition to you having the instructions, and you will have them throughout the trial. You will have them in the jury room when you deliberate . . . .

Transcript at 95.

> Ladies and gentlemen, you have received your notebooks. Inside you'll notice what are called preliminary instructions. You're going to receive final instructions, and you'll each have a copy of those, too. You may read along with me as I read the Court's preliminary instructions.

*Id.* at 120.

> [At conclusion of final arguments] You're given the instructions . . . Mine are numbered; yours are not . . . . Read along with me and then you'll take these instructions into the jury room with you when you deliberate.

*Id.* at 509.

claim on the grounds that it had previously affirmed the giving of an identical instruction in Hopkins v. State, 747 N.E.2d 598, 608 (Ind. Ct. App. 2001).

On transfer, the defendant asserts that this Court "ultimately" granted transfer in Hopkins and "found the accomplice liability instructions to be erroneous on other grounds as Hopkins had claimed." Appellant's Petition to Transfer at 3. This assertion is incorrect. As to the Hopkins opinion cited by the Court of Appeals in the present case, transfer was denied and the cause remanded for resentencing as mandated by the Court of Appeals. After resentencing by the trial court, Hopkins appealed again, attempting to reassert his previous claim that the trial court's instruction on accomplice liability and attempted murder constituted fundamental error. The Court of Appeals applied the "law of the case" doctrine and affirmed his conviction. Hopkins v. State, 769 N.E.2d 702 (Ind. Ct. App. 2002). As to that second appeal, we did grant transfer. Our decision, however, was not for the reason that the accomplice liability instruction was incorrect. Rather, it focused on whether the jury was adequately instructed regarding the specific intent to kill element required for attempted murder, and whether the omission of this element was fundamental error under the facts of that case. Hopkins v. State, 782 N.E.2d 988, 991-92 (Ind. 2003). The present case does not involve a charge of attempted murder and the omission of the intent to kill element in Hopkins is not relevant here.

Regardless, however, at trial the defendant's only objection to the accomplice liability instruction was that it "is not an accurate statement of law." Trans. at 457. This objection was insufficient. By failing to specifically identify his claimed objection or to tender a correct instruction remedying the alleged defect, the defendant failed to preserve any question for appeal. Indiana Trial Rule 51(C) ("No party may claim as error the giving of an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection.").

Transfer having previously been granted, we find that the challenged instructions do not require reversal and we summarily affirm the Court of Appeals as to all other issues. The defendant's conviction is affirmed and this cause is remanded to the trial court pursuant to the mandate of the Court of Appeals regarding sentencing.

4

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.