ATTORNEY FOR APPELLANT
Mark A. Bates
Office of the Lake County Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 30 2010, 2:32 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 45S03-1006-CR-338

CURTIS F. SAMPLE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Lake Superior Court, Criminal Division, No. 45G02-0602-FA-00010
The Honorable Clarence D. Murray, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A03-0812-CR-585

**June 30, 2010**

**Rucker, Justice.**

In this opinion we reaffirm that it is error to instruct a jury, over the defendant's objection, that it is bound to return a habitual offender finding provided the State proves the predicate felonies. We also determine the error is not cured by an accompanying instruction that renders meaningless the jury's law and fact determining authority.

**Facts and Procedural History**

The facts most pertinent to the issue before us are these. Thirty-four-year-old Charles F. Sample, Jr., was convicted of attempted murder, a class A felony; criminal confinement as a class B felony; battery as a class C felony; criminal confinement as a class D felony; and battery as a class A misdemeanor. The convictions arose out of Sample's unprovoked and brutal assault on his girlfriend's fifty-nine-year-old mother. He was also adjudged a habitual offender.

At the habitual offender phase of trial, and over Sample's objection, the trial court instructed the jury in relevant part that if it determined that the State proved beyond a reasonable doubt the existence of at least two prior unrelated felony convictions, then it "must" find that Sample is a habitual offender.[1] The jury so found and returned a verdict accordingly. At the

---

[1] The instruction reads in full:

> The State may seek to have a person sentenced as an habitual offender for any felony by proving that the person has accumulated two (2) prior unrelated felony convictions.
>
> You may find the Defendant to be an habitual offender only if the State has proven each of the following facts beyond a reasonable doubt:
>
> The Defendant
>
> 1. committed and was convicted and sentenced for the felony of Criminal Recklessness;
>
> 2. later committed and was convicted and sentenced for the felonies of Robbery and Battery;
>
> 3. later committed Count I, Attempted Murder; Count IV, Confinement; Count V, Battery; Count VI, Confinement; and Count VII, Battery, of which Defendant was convicted in Phase I.

subsequent sentencing hearing the trial court vacated the convictions for battery as a class C felony and battery as a class A misdemeanor as lesser included offenses of attempted murder; and vacated the conviction for criminal confinement as a class D felony as a lesser included offense of criminal confinement as a class B felony. The trial court then sentenced Sample to fifteen years for the criminal confinement conviction and fifty years for the attempted murder conviction, which was enhanced by thirty years for the habitual offender adjudication. All of which were ordered to run consecutively for a total executed term of ninety-five years.

On appeal Sample raised several claims including alleged trial court error in overruling his objection to the above mentioned habitual offender jury instruction. In an unpublished memorandum decision the Court of Appeals affirmed the judgment of the trial court. Sample v. State, No. 45A03-0812-CR-585 (Ind. Ct. App. Aug. 14, 2009). We now grant transfer to address the jury instruction issue. In all other respects we summarily affirm the decision of the Court of Appeals. See Indiana Appellate Rule 58(A)(2).

## Discussion

Sample contends the trial court erred by instructing the jury that if it found that the State had proved the predicate felonies, it "must" find him to be a habitual offender. He essentially argues that the jury is entitled to make a determination of his habitual offender status as a matter of law independent of the jury's factual determination regarding the predicate felonies. Over ten years ago this Court addressed a nearly identical claim in Parker v. State, 698 N.E.2d 737 (Ind. 1998). In that case the trial court overruled the defendant's objection to instructing the jury that if it found the State had proven the prior felonies, then it "should" find the defendant a habitual offender. Id. at 739. Based on Article I, Section 19 of the Indiana Constitution we determined that such an instruction "prevented the jury from making an independent and separate decision

---

If the State failed to prove each of these facts beyond a reasonable doubt, you must find the defendant is not an habitual offender.

If the State did prove each of these facts beyond a reasonable doubt, you must find the defendant is an habitual offender.

Tr. at 552.

on habitual offender status." Id. at 742.[2] Vacating the defendant's habitual offender adjudication we concluded that the trial court erred in instructing the jury. In doing so, this Court held the jury has the "independent and separate authority to determine whether the defendant is a habitual offender" even if the State has proven beyond a reasonable doubt that the defendant has accumulated two prior unrelated felony convictions. Id. See also Seay v. State, 698 N.E.2d 732, 734 (Ind. 1998) ("[E]ven where the jury finds the facts of the prerequisite prior felony convictions to be uncontroverted, the jury still has the unquestioned right to refuse to find the defendant to be a habitual offender at law."). In this case the mandatory language in the trial court's instruction is even more intrusive on the jury's independent decision making than the language we disapproved in Parker. The trial court thus erred in instructing the jury that it "must" find Sample to be a habitual offender if the jury found that he has two prior unrelated felony convictions.

We note that the error in giving such an instruction is not reversible error where it is accompanied by another instruction informing the jury that it is the judge of the law and the facts. Parker, 698 N.E.2d at 742 (citing Loftis v. State, 256 Ind. 417, 269 N.E.2d 746, 747-48 (1971) and Mitchem v. State, 503 N.E.2d 889, 891 (Ind. 1987)). See also Morgan v. State, 755 N.E.2d 1070, 1073 (Ind. 2001) ("Art. I, § 19, is not violated when the types of instructions given in this case are accompanied by an instruction informing the jury that it is the judge of the law and the facts.").

In this case the trial court gave the following "law and facts" final jury instruction in the habitual offender phase of trial:

> Under the constitution of Indiana, you are given the right to decide both the law and the facts of the case. In fulfilling this duty, you are to apply the law as you actually find it to be and you are not to disregard it for any reason. The final instructions you are now receiving are your best source in determining what the law is.

---

[2] Article I, Section 19 provides, "In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

Tr. at 492. The use of this instruction in combination with the plainly erroneous habitual offender instruction was a deadly combination. On the one hand the instruction advises the jury that it has the right to determine the law as well as the facts. But on the other, it tells the jury that the final instructions are the best source in determining what the law is. The final instructions included advising the jury that it "must" find the defendant to be a habitual offender if the State proves the predicate felonies. Ordinarily, the trial court's instructions are indeed the best source of the law. But not in this case because the trial court's instruction is wrong when it says the jury "must" find the defendant a habitual offender. Hence, the "best source of the law" instruction which can be curative in many cases is not here and instead exacerbates the problem. In this case the language of this "law and facts" instruction essentially renders meaningless the jury's Article I, Section 19 authority. "A defendant is entitled to have a *proper* Section 19 instruction presented to the jury in both preliminary and final instructions." Bridges v. State, 835 N.E.2d 482, 483 (Ind. 2005) (emphasis added). This instruction is improper.[3]

Because the trial court (a) provided over Sample's objection an instruction which minimized the jury's power of discretion in making a determination on habitual offender status, and (b) provided a "law and facts" instruction that rendered meaningless the jury's Article I, Section 19 authority, the trial court committed reversible error. Consequently, Sample is entitled to have the habitual offender adjudication vacated.

---

[3] Compare for example the following instructions given in Parker:

> [T]he Court now so instructs you, in this a criminal case, you are the judges of both the law and the facts. If, however, you shall have no well defined opinions as to what the law is relating to any particular matter or matters in issue in this case, then, in determining the law, you should give the instructions of the Court respectful consideration . . . .
>
> You are the exclusive and sole judges of what facts have been proven and you may also determine the law for yourselves. This statement does not mean that you have the right to disregard the law or to set it aside and make your own law. You should determine the law as it is enacted by the legislature of this state and considered and interpreted by the higher courts of record, and in that way you have the right to determine the law for yourselves, but not to make your own laws.

Parker, 698 N.E.2d at 742-43 n.11 (internal citations omitted).

5

**Conclusion**

We affirm Sample's convictions and sentences for attempted murder and criminal confinement. However, we vacate the habitual offender adjudication and remand this case to the trial court for a new habitual offender phase of trial.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.