## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2017, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Curtis, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 21, 2017 <br><br> Court of Appeals Case No. 20A04-1704-CR-827 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Teresa L. Cataldo, Judge <br><br> Trial Court Cause No. 20D03-1411-F4-19 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Richard Curtis Jr. appeals his convictions for sexual misconduct with a minor and intimidation, arguing that his waiver of the right to a jury trial was not knowing and intelligent. We affirm.

# Facts and Procedural History

[2] The State charged Curtis with sexual misconduct with a minor and intimidation. On October 25, 2016, two weeks before trial was set to begin, Curtis's attorney filed a motion asking the court to hold a bench trial instead of a jury trial. The motion explained that Curtis "desires to have his case tried before the Court instead of a jury" and that he "understands that he has a right to be tried by a jury of his peers, and by making this request specifically understands that he is waiving his right to a jury trial." Appellant's App. Vol. II p. 42.

[3] At a pre-trial conference held two days after Curtis filed his motion, the trial court had the following exchange with Curtis:

> Court: Mr. Curtis, it's my understanding that you are now first setting for the jury trial scheduled for November 1st. In addition, your attorney has filed, two days ago, a motion for a bench trial. And is it your request that we now vacate the jury trial and proceed with a bench trial on November 7th?
>
> Curtis: Yes, [Y]our honor.

Court: And you've discussed the issues in your case with your attorney; and without going into any specific conversations between you and your attorney, do you feel it is in your best interest to try this case to the court, as it deals with some type of legal argument and it's not necessarily tied to the facts of the case?

Curtis: Can you say that again, [Y]our Honor?

Court: Generally, in a jury trial there is usually a factual issue that is in dispute, but in your case I'm assuming that there is more of a legal issue in that either there's a defense that is complicated or the specific facts and circumstances revolve around a legal issue, which, generally, the court is more suitable to be presented with a legal argument as opposed to a factual argument. Is that your understanding of the case?

Curtis: Yes, [Y]our Honor.

Court: Okay. And so you are -- you are comfortable in waiving your jury trial rights to proceed with a trial just to the court?

Curtis: Yes.

Supp. Tr. pp. 3-4. The court granted Curtis's request for a bench trial, found Curtis guilty as charged, and sentenced him accordingly.

[4] Curtis now appeals.

# Discussion and Decision

[5] Curtis contends that his jury-trial waiver was invalid. "To constitute a valid waiver of the right to a jury trial, the defendant's waiver must be knowingly, voluntarily, and intelligently made with sufficient awareness of the relevant circumstances surrounding its entry and consequences." *Anderson v. State*, 833 N.E.2d 119, 122 (Ind. Ct. App. 2005). Whether a waiver satisfies this standard is a question of law that we review de novo. *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016).

[6] Curtis argues that his waiver was not "knowing and intelligent" because the trial court's statement—that a court is "more suitable" than a jury "to be presented with a legal argument"—is inconsistent with Article 1, Section 19 of the Indiana Constitution, which provides, "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." He asserts that the record "fails to support that he could have possibly made an informed and knowing waiver based upon the trial court's statements, which completely misconstrued the function of a jury as set forth in the Indiana Constitution." Appellant's Br. p. 9.

[7] While we agree with Curtis that the trial court's characterization of a jury's role regarding legal issues could have been more precise, he has given us no reason to think that it affected the validity of his waiver. First, and most importantly, the judge's statement that courts are generally better equipped than juries to understand and analyze legal issues is not inconsistent with the principle that a

criminal jury ultimately has "the right to determine the law." Indeed, the statement aligns with Indiana's pattern jury instruction on Article 1, Section 19: "Under the Constitution of Indiana you have the right to determine both the law and the facts. **The Court's/my instructions are your best source in determining the law.**" Ind. Pattern Jury Instructions—Criminal, No. 1.0300 (4th ed., LexisNexis 2015) (emphasis added); *see also Sample v. State*, 932 N.E.2d 1230, 1233 (Ind. 2010) ("Ordinarily, the trial court's instructions are indeed the best source of the law."); *Walden v. State*, 895 N.E.2d 1182, 1185 (Ind. 2008); *Johnson v. State*, 518 N.E.2d 1073, 1076 (Ind. 1988). Second, Curtis was represented by an attorney and therefore had an opportunity, before he talked to the judge, to carefully consider the role of a jury and the advantages and disadvantages of a jury trial (e.g., the possibility of jurors being biased against a defendant accused of sexually abusing a child). Third, Curtis's attorney did not object or otherwise speak up during the judge's questioning, which strongly suggests that the attorney was comfortable with the judge's statement and with Curtis's understanding of it. For these reasons, we are satisfied that Curtis's waiver of his right to a jury trial was knowing and intelligent.

[8] Affirmed.

May, J., and Altice, J., concur.